## Richmond

WADDY WILLARD BRAXTON v. COMMONWEALTH OF VIRGINIA.

October 12, 1953.

Record No. 4139.

Present, All the Justices.

The opinion states the case.

*Howard H. Carwile,* for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General* and *Francis C. Lee, Assistant Attorney General,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

Waddy Willard Braxton was indicted in the Circuit Court of Hanover County for the murder of Prince Albert Cooper. He was tried on July 1, 1952, and the jury found him guilty of murder in the second degree, fixing his punishment at ten years in the penitentiary. Sentence was passed in accordance with the verdict and the case is before us for review.

Braxton was a married man, living in a two room house with his wife and two young daughters. Cooper was his first cousin but did not reside with him. On the night of February 29, 1952, Cooper came to the Braxton home highly intoxicated. The accused, according to his own admission, had been drinking prior to Cooper's arrival. Braxton retired, and Cooper, in a drunken condition, fell asleep across the foot of the bed occupied by the children.

The following morning, March 1, the accused's wife and children went out on an errand, leaving Braxton and Cooper asleep. Braxton stated that he got out of bed and went into the yard; that when he came back to the house he heard a noise which sounded as if his shotgun "was being closed up, or either it was being cocked"; that he looked in the bedroom and saw Cooper standing with the gun in his hand; that he tried to prevail upon Cooper to give him the gun; that Cooper refused to relinquish the gun and accused attempted to take it from him by force; that a struggle over the weapon ensued and Cooper was accidentally shot and killed.

This resumé of what occurred is taken from the testimony of the accused, and, with variations, is the story he related to the officers immediately after the shooting.

The Commonwealth contended that accused had made conflicting statements as to how the homicide occurred, and

that the shooting could not possibly have happened as detailed and demonstrated by the accused.

The first assignment of error deals with the court's refusal to give, on behalf of the accused, Instruction "B", as follows:

"The Court instructs the jury that if you believe from the evidence that the argument or altercation over the gun which ultimately resulted in the death of the deceased, Prince Albert Cooper, was, without provocation, started by the deceased, and that the accused, Wallace Braxton, in fear for his safety endeavored to protect himself against the said Prince Albert Cooper by attempting to take or taking the gun from Prince Albert Cooper, and, in so doing, the deceased was accidentally shot and killed, then you must find the accused not guilty."

Although the jury was amply instructed on the theory of self-defense, no instruction was given covering the principle here sought to be invoked. The accused had contended throughout his trial that he did not intend to shoot the deceased. His defense was that Cooper was accidentally shot while accused was lawfully attempting to take the gun from him. The accused had a right to have his theory of the case presented to the jury under proper instructions, and the court should not have taken this defense from him even though there was a conflict in the evidence as to the details of the happening. Under the related circumstances it was the duty of the court to instruct the jury from the standpoint of the defense presented by the accused as well as to instruct it from the standpoint and theory relied upon by the Commonwealth.

As was said by Mr. Justice Miller in the case of *Valentine* v. *Commonwealth*, 187 Va. 946, 952, 953, 48 S. E. (2d) 264, 267, 268:

"The distinction between killing in self-defense proper and accidental or unintentional killing while in the exercise of self-defense is set forth in 40 C. J. S., 'Homicide', p. 981, sec. 112c. There is it said:

" 'Ordinarily the law of self-defense is not applicable in a case of a killing resulting from an act which was accidental and unintentional, particularly where the facts of the case are not such as would make such law applicable. However, where the defense of excusable homicide by misadventure is relied on, the principles of self-defense may be involved, not for the purpose of establishing defense of self, but for the purpose of determining whether accused was or was not at the time engaged in a lawful act; and it has been held that in such case the right, but not the law, of self-defense is invoked. Accused is entitled to an acquittal where he was lawfully acting in self-defense and the death of his assailant resulted from accident or misadventure, as where in falling he struck or overturned an object and thereby received injuries resulting in his death, or where in a struggle over the possession of a weapon it was accidentally discharged.' ·

"See also 26 Am. Jur., 'Homicide', p. 305, secs. 220, 221; 13 R. C. L., p. 863, sec. 166.

"This principle is also recognized in Wharton's Criminal Law, Vol. 1, 12th Ed., secs. 623 and 624."

We conclude that it was prejudicial error for the court to refuse Instruction "B" under the circumstances of this case.

■ The next assignment of error deals with the alleged improper remarks made by the attorney for the Commonwealth in his argument. The jury was told in substance that it was natural for a man's wife and children to have to suffer for his crime but that this should not free him, that his family would be taken care of in the event he was convicted. Objection was made to this argument and the accused moved for a mistrial. The court overruled the motion but warned the jury to disregard such argument as it was both irrelevant and improper. Such argument is, of course, irrelevant and should not be permitted. But improper remarks of counsel may be cured by instructions from the court and are not grounds for reversal unless it plainly appears that the jury has been prejudiced thereby. The granting or refusal to

grant a motion for a mistrial on the ground of improper remarks of counsel is a matter peculiarly within the sound discretion of the trial court, and the court's exercise of this discretion will not be interfered with unless abused. *Trout* v. *Commonwealth*, 167 Va. 511, 522, 188 S. E. 219. There is nothing in the present record to indicate such abuse.

The final assignment of error challenges the sufficiency of the evidence to convict the accused of murder in the second degree. Suffice it to say that the accused's own explanation of how the killing occurred leaves the credibility of his account of what transpired a question to be passed upon by a jury under proper instructions. In *Randolph* v. *Commonwealth*, 190 Va. 256, 263, 56 S. E. (2d) 226, 229, Mr. Justice Buchanan, speaking for the court, had this to say:

"The jury were not required to accept the defendant's statement as to how the killing occurred simply because the defendant said it happened that way and no witnesses testified to the contrary. If from the improbability of his story and his manner of relating it, or from its contradictions within itself, or by the attending facts and circumstances, the jury are convinced that he is not speaking the truth, they may reject his testimony, even though his reputation for truth is not attacked and he is not contradicted by other witnesses. *Puckett* v. *Commonwealth*, 157 Va. 800, 802-9, 160 S. E. 19, 22; *Nelson* v. *Commonwealth*, 168 Va. 742, 750, 191 S. E. 620, 624."

Regarding the sufficiency of evidence in the *Randolph Case*, at page 262, he remarked:

"There was ample reason for the jury to reject the whole story as being insufficient to overcome the presumption of second-degree murder arising upon the proof that the defendant committed the homicide.

" 'When the Commonwealth has proved the commission of a homicide, and has pointed out the accused as the criminal agent, then it may rest its case, and unless the accused shows circumstances of justification, alleviation or excuse, a verdict of murder in the second degree will be warranted.'

*Johnson* v. *Commonwealth*, 188 Va. 848, 853-4, 51 S. E. (2d) 152, 154, and cases there cited.

" 'If the evidence so offered by the accused is shown to be false, and is insufficient to cause the jury to have a reasonable doubt as to his guilt, the case so made by the Commonwealth is not overcome, and a verdict of second-degree murder is still warranted.' *Johnson* v. *Commonwealth, supra*, 188 Va., at p. 854, 51 S. E. (2d) at p. 154."

For the reasons stated the judgment of the trial court is reversed and the case is remanded for a new trial not inconsistent with the views here expressed.

*Reversed and remanded.*