## Richmond

### LINDBERG HUMMEL V. COMMONWEALTH OF VIRGINIA.

January 14, 1977.

Record No. 751451.

Present, All the Justices.

*Holmes C. Harrison (Clark, Bradshaw, Jolly & Smith,* on briefs), for plaintiff in error.

*Jerry P. Slonaker, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Defendant was indicted as an accessory before the fact of breaking and entering with the intent to commit larceny, and with feloniously receiving stolen property exceeding $100 in value, knowing it had been stolen. The jury found the defendant not guilty as an accessory before the fact, but guilty of receiving stolen property. His punishment was fixed at 10 years confinement in the State penitentiary, and judgment was entered on the jury's verdict.

The defendant contends that the trial court erred in unduly limiting him in his cross-examination of the Commonwealth's principal witness.

On June 22, 1974, Ray Wolfe, owner of a cabin in Augusta County, found that his cabin had been broken into. A number of

articles valued at more than $100 had been taken from the premises.

Carl Stroop, Mark Brannon, Walden Harmon, and Anthony Terry were charged with breaking and entering the Wolfe cabin and stealing certain articles. They were all convicted felons and each testified for the Commonwealth in the present case. Their testimony was sharply conflicting. However, each one admitted his participation in the breaking and entering and theft of the articles. Stroop and Brannon testified that the stolen articles were placed in a back room of a pool parlor operated by the defendant in Harrisonburg and that the defendant was in another part of the building when the articles were brought on the premises. Harmon testified that the defendant refused to purchase the articles from Terry and ordered their removal from his premises, which was done.

Terry testified that the defendant loaned him a pickup truck to transport the stolen articles, and that the defendant paid him $70 for the articles. Terry admitted he made pre-trial statements which were inconsistent with his testimony. He also said that he had been promised immunity from prosecution for his participation in this offense and four other unrelated offenses.

During cross-examination of Terry, defendant elicited an admission from the witness that he had previously been convicted of two unrelated felonies. The defendant then attempted to show that Terry had been convicted of a third felony; whereupon, the trial judge sustained the Commonwealth's objection and ruled that the defendant could only show that the witness had been convicted of *a* felony and not the nature and details of the conviction. Relying on *Harmon* v. *Commonwealth*, 212 Va. 442, 185 S.E.2d 48 (1971), the trial judge instructed the jury that the only appropriate question to the witness was: "Have you been previously convicted of a felony?" Defendant then proffered evidence that the witness had been convicted of three additional felonies, namely: breaking and entering, forgery, and uttering a forged instrument.

Defendant argues that because Terry was the prosecution's principal witness, it was vital to his defense that he be allowed to attack Terry's credibility by showing that he had been convicted of a total of five felonies.

The Commonwealth argues that the trial court properly relied on *Harmon* in ruling that the defendant could only show that the

witness Terry had been convicted of _a_ felony without naming the felony and the details thereof.

In *Harmon,* the defendant was on trial for murder. He took the stand voluntarily and testified on direct examination that he had been "convicted once of a killing." On cross-examination the Commonwealth brought out the fact that the prior conviction was murder of the first degree. Under those particular circumstances, we held that the defendant had "opened the door" for such cross-examination, and the trial court did not err in allowing such evidence. However, in reversing the judgment on other grounds, we said that on a retrial of the case, if the defendant elects to testify, impeachment of the defendant should be limited to a showing of the prior conviction of a felony, and that the name of the felony, and the details thereof, may not be shown. We reasoned that a showing of this prior conviction of murder of the first degree would be highly prejudicial to the defendant in that it would present the risk of improperly influencing the trier of fact to convict the defendant of murder in this instance on the basis of his prior murder conviction. Such evidence would outweigh the probative value of the attack on the defendant's credibility as a witness.

*Harmon* is not controlling here. There we were concerned with only one prior felony conviction similar in nature to the offense for which defendant was on trial and its highly prejudicial effect upon him. Here, the defendant sought to introduce evidence to attack the credibility of a witness for the Commonwealth who had been granted immunity from prosecution. The risk of undue prejudice against a defendant, as in *Harmon,* was not present in the case at bar because the witness Terry was not on trial as a defendant.

While it is true that the trial court may, in the exercise of discretion, limit cross-examination of a witness within reasonable bounds, that does not mean that in the exercise of such judicial discretion it should exclude relevant evidence which tends to attack the credibility of a witness who is not a defendant. Here, under Code § 19.1-265 (now § 19.2-269), the triers of fact were entitled to know the number and nature of the felony convictions of the witness Terry, but not the details thereof, so they could evaluate his testimony and determine what credit it should be given. *See Bell* v. *Commonwealth,* 167 Va. 526, 529, 538-39, 189 S.E. 441, 443, 447 (1937). Hence, we hold

that the trial court's limitation of the scope of cross-examination of the witness Terry was error. We cannot say that the error was harmless beyond a reasonable doubt because the felony convictions involved crimes of moral turpitude and were peculiarly relevant to the determination of credibility.

For the reasons stated, the judgment of the court below is reversed and set aside, and the case is remanded for a new trial.

*Reversed and remanded.*