## Richmond

### NATHANIEL JACKSON WYCHE V. COMMONWEALTH OF VIRGINIA

March 3, 1978.

Record No. 770780.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Michael Morchower (John W. Luxton; Ott, Morchower, Thompson & McMullan,* on brief), for plaintiff in error.

*Alan Katz, Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief), for defendant in error.

HARRISON, J., delivered the opinion of the Court.

The sole issue here is whether Nathaniel Jackson Wyche was denied a fair trial because the trial court refused to permit defendant's counsel to examine a witness for the Commonwealth as to the number and nature of her prior felony convictions.

Wyche was tried by the court below and found guilty of a murder and a robbery which occurred in a state Alcoholic Beverage Control store in Boydton, Virginia, on February 1, 1975. Herbert Bowers, an employee of the store, was the victim of the robbery and an eyewitness to the murder of a fellow employee. He testified that Wyche was one of the robbers and that Wyche was the gunman who committed the murder.

The crimes resulted in an extensive investigation by the State Police, the Mecklenburg County Sheriff's Department and investigators of the ABC Board. At the trial, Rose Marie Green was called as a witness on behalf of the Commonwealth and said that she first met defendant in Richmond on May 1, 1975. She related a conversation with defendant in which she said that Wyche referred to a robbery he had committed and which he identified as "the Tony robbery". She testified that Wyche said "he was glad that no one was hurt like there was in Boydton because he had to shoot a man".

Green further testified to another conversation with Wyche during which she asked him why he had to shoot a man in Boydton. She said that Wyche replied, "because it looked like he was coming from the back and he didn't know whether he was going to bring out a gun or press a silent alarm". She said that she asked him what kind of a job it was and that he told her "it was a liquor store". She also testified that in her apartment she saw Wyche give a gun to James Dixon "and told him he wanted him to get rid of it because it was hot". She said that she and Dixon "went to the James River out in the West End near a warehouse and he went around near some bushes, and when he came back he didn't have the gun".

On cross-examination counsel for defendant inquired as to the number of felonies Green had committed and if she was presently serving a sentence. The Commonwealth's Attorney objected, and the court sustained the objection.[1]

---

[1] The exchange between the court and counsel was as follows:
{BY MR. MORCHOWER:]

Defendant relies upon *Hummel* v. *Commonwealth*, 217 Va. 548, 550, 231 S.E.2d 216, 217 (1977), where we said:

"While it is true that the trial court may, in the exercise of discretion, limit cross-examination of a witness within reasonable bounds, that does not mean that in the exercise of such judicial discretion it should exclude relevant evidence which tends to attack the credibility of a witness who is not a defendant. Here, under Code § 19.1-265 (now § 19.2-269), the triers of fact were entitled to know the number and nature of the felony convictions of the witness Terry, but not the details thereof, so they could evaluate his testimony and determine what credit it should be given. [Citation omitted.] . . ." [2]

The Commonwealth sought to distinguish *Hummel* from the instant case. It was also argued that, in view of the background and criminal record of Green,[3] a showing that she had been convicted of two or more felonies, instead of one, would not have had any influence on the trial court in weighing her testimony and was harmless error beyond a reasonable doubt.

---

"Q. You have been convicted of how many felonies?

"MR. HARRIS: Objection, Judge, I think Mr. Morchower has the right to ask if she has been convicted of a felony.

"MR MORCHOWER: I think the case we talked about gives me the authority to go into the fact that she has been convicted of more than one, and what type of felonies.

"MR. HARRIS: If I open it up. I think that case is a situation of an open-door policy.

"MR. MORCHOWER: I think it is to where it is open.

"THE COURT: I think it is, too. You can only attack the credibility of the witness and ask her whether she has been convicted of a felony, and if it goes further than that you can open it up, and that's what that case held.

"BY MR. MORCHOWER: (Continuing)

"Q. You have been convicted of a felony?

"A. Yes, I have.

"Q. You are presently serving a sentence —

"MR. HARRIS: Objection.

"THE COURT: Sustained, although the Court doesn't really object to that. I think legally that it is not permissible."

[2] The case under review was heard on February 10, 1977. *Hummel* v. *Commonwealth* was decided on January 14, 1977.

[3] Counsel for defendant established that Green had been convicted of a felony; that she consorted with known criminals; that she participated in disposing of the murder weapon used in the instant case; that she was then serving time in a Virginia penal institution, and was at one time in segregation in its maximum security building; and that at the time of trial she was taking medication, including demerol and librium.

The Commonwealth further urges us not to consider the error assigned by defendant because defense counsel failed to make a proper proffer of the testimony excluded. This position is well taken. In *Whittaker* v. *Commonwealth*, 217 Va. 966, 968-69, 234 S.E.2d 79, 81 (1977), we said:

"When testimony is delivered but excluded upon objection, an appellate court has a record of the content and purport of the testimony upon which to determine the propriety of the trial court's ruling; when testimony is rejected before it is delivered, an appellate court has no basis for adjudication unless the record reflects a proper proffer. *Jackson's Case*, 98 Va. 845, 846-47, 36 S.E. 487, 488 (1900).

\* \* \*

" 'When the court sustained the objection to the question it was incumbent upon the defendant to make the record show the expected answer. This has sometimes been done by avowal of counsel, but the better practice is to permit the witness to answer the question in the absence of the jury.' *Owens* v. *Commonwealth*, 147 Va. 624, 630-31, 136 S.E. 765, 767 (1927).

"In explication of this rule and in the interest of orderly litigation and appellate review, we hold that a unilateral avowal of counsel, if unchallenged, or a mutual stipulation of the testimony expected constitutes a proper proffer, and that absent such acquiescence or stipulation, this Court will not consider an error assigned to the rejection of testimony unless such testimony has been given in the absence of the jury and made a part of the record in the manner prescribed by the Rules of Court."

The fact that this trial was by the judge and not a jury, and that the evidence could not be proffered outside the presence of the trier of fact, is not a sufficient explanation for defendant's failure to proffer. In *Akers* v. *Commonwealth*, 216 Va. 40, 45, 216 S.E.2d 28, 31 (1975), we cited with approval *People* v. *Brown*, 24 N.Y.2d 168, 172, 247 N.E.2d 153, 155, 299 N.Y.S.2d 190, 193 (1969), where the New York court said that " 'a Judge — unlike a jury — by reason of his learning, experience and judicial discipline, is uniquely capable of distinguishing the issues and of

making an objective determination. . . .' " We will not assume that the trial judge in the case under review could not or would not have disregarded any testimony that he considered improper.

The requirement for proffer of testimony is to assure that the record will be complete. No proffer was made in the instant case, thus there is nothing in the record to show that witness Green had been convicted of more than one felony. Under these circumstances we are unwilling to reverse and remand, with the attending expense and delay, on the mere possibility that this witness had been convicted of more than one felony and would have given an affirmative answer to the question propounded to her by counsel for the defendant.

The judgment of the lower court is

*Affirmed.*