The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Tommy Ray BACA, Defendant-Appellant.

The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Jake MARMOLEJO,
Defendant-Appellant.

Nos. 79CA1102, 79CA1098.

Colorado Court of Appeals,
Div. I.

Aug. 13, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Nathan B. Coats, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Michael W. McDivitt, LaJunta, and David L. Moore, Colorado Springs, for defendants-appellants.

COYTE, Judge.

Defendants, Tommy Ray Baca and Jake Marmolejo, appeal the judgments of the trial court entered upon jury verdicts convicting them of second degree burglary.

After defendants' first convictions for second degree burglary of a residence were reversed by this court on the basis of issues not raised by this appeal, defendants were retried before the same judge and again convicted. Defendants filed separate ap-

peals which were consolidated after briefing by this court.

## I

Defendants contend that the trial court erred in admitting into evidence portions of the testimony of a prosecution witness from the prior trial of defendants. We disagree.

During the prosecutor's opening statement, defense counsel objected to the prosecutor's reference to this witness' expected testimony. In chambers, defense counsel stated: "We both know that Mr. Jones—and he has known for some time now, that he does not plan to say a thing. . . ."

On direct examination, the prosecutor asked the witness numerous detailed questions based on his prior testimony. The witness testified that he did not recall testifying at the prior trial. At one point on cross-examination, he said, "I don't recall nothing." He answered consistently that he did not remember either the prior testimony or the underlying facts of that testimony. The witness did testify on cross-examination that he had a grudge against defendant Marmolejo when he testified at the prior trial. And he did deny the accuracy of several statements allegedly made by him at the prior trial, regarding his knowledge of the location of the burglarized residence and conversations regarding that residence. The trial court then allowed portions of the witness' prior testimony to be read to the jury, and a transcript of those relevant portions of testimony was also admitted.

For the purpose of introducing the prior testimony of a witness, the witness' inability to remember a statement is tantamount to a denial that he made the statement. *See People v. Pepper*, 193 Colo. 505, 568 P.2d 446 (1977). Thus, where, as here, a witness does not remember making a prior statement, extrinsic evidence is admissible to prove that the witness made the prior statement. *Transamerica Insurance Co. v. Pueblo Gas & Fuel Co.*, 33 Colo.App. 92, 519 P.2d 1201 (1973).

Defendant, however, contends that since at the second trial the witness merely testified that he did not recall his prior testimony, there was no prior inconsistent statement and thus that § 16-10-201, C.R.S. 1973 (1978 Repl. Vol. 8) is inapplicable to authorize admission of the prior testimony.

This witness testified that he did not recall making the prior statements, and he also testified, in effect, that he did not recall the facts underlying his statements at the prior trial. These statements are inconsistent with his testimony at the prior trial. Hence, since the statutory foundation was laid, the witness' prior testimony was admissible. *See People v. Pepper*, supra. *See generally* Annot., 99 A.L.R.3d 934 (1980).

We note that this evidence presently would be admissible under Colorado Rules of Evidence 804.

## II

Defendants contend that the trial court erred in denying their motion for substitution of judge. We disagree.

To be legally sufficient, defendants' motions and affidavits must state facts from which it may reasonably be inferred that the judge has a bias or prejudice that will prevent him from dealing fairly with defendants. *People v. Botham*, Colo., 629 P.2d 589 (1981); *Smith v. District Court*, Colo., 629 P.2d 1055 (1981).

As a factual basis for disqualification, defendants' motions set forth that defendant Marmolejo pled guilty to a burglary of the county courthouse, allegedly including the trial judge's chambers, and that the judge imposed an excessive sentence after defendants' first trial on this offense. The affidavits neither refer to nor verify the burglary of the judge's chambers, although one affidavit does refer to a burglary of the county courthouse.

Defendants admit in their brief that the affidavits in support of their motions do not in themselves establish the prejudice of the presiding judge. The affidavits establish only that the trial judge in this case

**530**

was the same judge in other cases involving defendant Marmolejo. Our review of the record does not reveal any bias or prejudice in the sentence of 10 to 15 years imposed after defendants' first trial which sentence was within the applicable statutory limits. *See People in the Interest of H.A.C.*, 198 Colo. 260, 599 P.2d 881 (1979), *cert. denied sub nom. D.C.C. v. Colorado*, 444 U.S. 1022, 100 S.Ct. 680, 62 L.Ed.2d 654. Even if the sentence were erroneous, this, without more, would not be sufficient to show bias or prejudice. *See Altobella v. People*, 161 Colo. 177, 420 P.2d 832 (1966).

And, since the affidavits fail to support defendants' allegations that defendant Marmolejo burglarized the trial judge's chambers, these allegations of bias and prejudice are too speculative to require the judge's disqualification. *See Kostal v. People*, 160 Colo. 64, 414 P.2d 123 (1966), *cert. denied*, 385 U.S. 939, 87 S.Ct. 305, 17 L.Ed.2d 218.

█ Considering both the actuality and the appearance of fairness, we conclude that the trial court did not err in denying defendants' motions for substitution of judge.

Judgment affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.