**Richmond**

LEROY DOWDY SMITH

v.

COMMONWEALTH OF VIRGINIA

No. 0933-91-2

Decided December 22, 1992

508

COUNSEL

Susan D. Hansen, for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Leroy Dowdy Smith appeals from convictions for abduction, robbery, attempted murder, and use of a firearm in the commission of a felony. Smith claims that the trial court erred (1) in refusing to grant his proffered instruction on fingerprint evidence; (2) in refusing to admit the prior inconsistent written statement of an accomplice; (3) in allowing the accomplice to testify as to which of his statements was truthful; and (4) in finding sufficient evidence to sustain the convictions. For the reasons stated herein, we affirm the ruling of the trial court.

I.

Viewed in the light most favorable to the Commonwealth, the evidence introduced at trial showed that, on the night in question, the Yellow Cab Company sent a taxi to pick up a fare at 2217 Chateau Drive in the city of Richmond. Torrence Bradby, a witness for the Commonwealth, testified that it was he who requested the cab and that he did so at the suggestion of Rodney Powell. He testified that he and appellant agreed to "watch out" for Powell while Powell robbed the driver. When the cab arrived, Bradby got in and directed the driver to

a nearby apartment complex, where Powell and appellant were waiting. Upon reaching the apartment complex, Bradby asked the driver to wait while he went to get money from one of the residents to pay the fare. After Bradby got out, Powell and appellant approached the cab. Powell pointed a shotgun at the driver and demanded money and the keys to the cab. Bradby opened the trunk and forced the driver inside. Appellant then closed the trunk.

Powell and appellant got into the cab, and Powell drove it to another apartment complex. Bradby followed in another car. In an effort to find more money, Powell threatened to kill the driver—who was still locked in the trunk—if he did not tell them where the rest of his money was hidden. The driver said he had no more money. The driver then heard someone say, ''Let's get out of here.'' Some time thereafter, the driver smelled smoke and managed to get out of the trunk by kicking out the back seat. When the police arrived on the scene, they discovered a smoldering area on the front seat of the cab where someone had used napkins and lighter fluid to start a fire. On the trunk, the police also obtained fingerprints and palm prints that matched those of appellant and Bradby.

Appellant's defense to the charges was that he was not present at the scene of the robbery. His attorney argued that both the cab driver's identification of appellant and Bradby's testimony concerning the event were not credible. He also stressed that Bradby was awaiting trial on other unrelated charges and that he had been motivated to lie at appellant's trial in the hope of obtaining leniency.

The jury found appellant guilty on all charges.

## II.

Appellant asserts first that the trial court erred in refusing to instruct the jury on the circumstantial nature of fingerprint evidence. The refused instruction read as follows:

While defendant's fingerprints found at the scene of the crime may be sufficient under the circumstances to show defendant was there at some time, nevertheless, in order to show defendant was the criminal agent, such evidence must be coupled with evidence of other circumstances tending reasonably to exclude the hypothesis that the print was impressed at a time other than the crime. This circumstantial evidence properly may include the location of the print, the character of the place where it was found and the

accessibility of the general public to the object on which the print was impressed.

We find no error in the trial judge's refusal to give the instruction.

■ A trial judge, when instructing a jury, "may not 'single out for emphasis a part of the evidence tending to establish a particular fact.' The danger of such emphasis is that it gives undue prominence by the trial judge to the highlighted evidence and may mislead the jury." *Terry v. Commonwealth*, 5 Va. App. 167, 170, 360 S.E.2d 880, 882 (1987) (citations omitted). Had this instruction been given, the jury might mistakenly have concluded that if it could not decide that appellant put his fingerprints on the back of the taxi cab on the night the driver was robbed, he could not be found guilty of the crime for which he was accused. However, the fingerprint evidence was only a portion of the evidence the jury had to consider. The direct testimony of two witnesses provided evidence that appellant was present during the incident and participated in the robbery.

The jury was adequately instructed about the role circumstantial evidence should play in its deliberations, the degree of certainty required for its verdict, and the character of circumstantial evidence required to support a conviction based wholly or partially on circumstantial evidence. The matters contained in the refused instruction could have been addressed by counsel in closing argument to the jury. We cannot say that the trial court erred in refusing to give the instruction.

## III.

Appellant contends that the trial court erred in refusing to admit into evidence the transcription of Bradby's prior statement to police, made at the time of his arrest, which directly contradicted Bradby's trial testimony. In his original statement to police, Bradby did not implicate himself in the crime; at trial, he did admit his involvement. Although appellant's attorney cross-examined Bradby as to a portion of the testimony, he now asserts that the entire statement was inconsistent with Bradby's trial testimony and, therefore, should have been admitted in its entirety. On that ground, appellant asserts that the trial court's refusal to admit the prior inconsistent statement unfairly restricted his sixth amendment right to impeach the witness on cross-examination.

Although it is proper under Virginia law to use a witness' prior inconsistent statement for impeachment purposes, the trial court has

some discretion in determining how such a statement may be used. Under Code § 19.2-268.1,

> [a] witness in a criminal case may be cross-examined as to previous statements made by him in writing or reduced into writing, relative to the subject matter of the proceeding, without such writing being shown to him; but if it is intended to contradict such witness by the writing, his attention must, before such contradictory proof can be given, be called to the particular occasion on which the writing is supposed to have been made, and he may be asked if he did not make a writing of the purport of the one to be offered to contradict him, and if he denies making it, or does not admit its execution, it shall then be shown to him, and if he admits its genuineness, he shall be allowed to make his own explanation of it; but it shall be competent for the court at any time during the trial to require the production of the writing for its inspection, and the court may thereupon make such use of it for the purpose of the trial as it may think best.

*Id.*

■ This provision does not, however, permit the trial judge to interfere with appellant's constitutional right ""substantially and fairly" to cross-examine his opponent's witnesses under the confrontation clause of the sixth amendment. *Williams v. Commonwealth*, 4 Va. App. 53, 77-78, 354 S.E.2d 79, 93 (1987). If a witness gives testimony that is inconsistent with a prior statement, or testifies that he does not recall making the prior statement, a sufficient foundation for impeachment has been laid, and opposing counsel may cross-examine the witness as to the inconsistency. *See, e.g., McGehee v. Perkins*, 188 Va. 116, 125, 49 S.E.2d 304, 308-09 (1948). In addition, all inconsistent portions of that prior written statement are admissible for impeachment purposes. *Epps v. Commonwealth*, 190 Va. 93, 102, 56 S.E.2d 237, 240-41 (1949).

In this case, witness Bradby admitted on cross-examination that, to the extent his prior statement was inconsistent with his testimony that day at trial, his prior statement was false, and his trial testimony was truthful. Counsel for appellant had the opportunity to cross-examine the witness fully as to all of these inconsistencies. Bradby also testified that the transcript contained a statement that he could not recall making, as the following excerpt shows:

[SMITH'S COUNSEL]: You've also told the detective that day that Leroy got in and drove the cab and drove you all off, right?

A. I don't recall that.

[SMITH'S COUNSEL]: Your Honor, might I approach the witness?

THE COURT: Yes.

Q. It's page 3. All right. Mr. Bradby, take a look at that paragraph. Specifically what I have got underlined there, would you read that, please?

A. Leroy got out of the cab and drove the cab.

Q. Do you recall saying that, now?

A. No, ma'am.

Q. You don't recall saying that?

A. No, ma'am.

Q. This tape is wrong?

[COMMONWEALTH ATTORNEY]: Objection, Judge.

THE COURT: Objection sustained.

In spite of this lack of recollection, the quoted passage above shows that the statement was *read* into evidence, even if not admitted in written form. "The effect of that procedure on the jury was the same as if the statement had been formally introduced, and the court's refusal to admit the statement in evidence is immaterial." *Hall v. Commonwealth*, 233 Va. 369, 375, 355 S.E.2d 591, 595 (1987) (holding that failure to give cautionary instruction as to testimony of prior inconsistent statement was error, even though written statements had not been admitted into evidence).

In sustaining the Commonwealth's objection to admission of the statement, the trial court summarized the inconsistency as follows: "[Bradby] said he didn't implicate himself at all on the date of the arrest. Now he is implicating himself. The jury has that and the jury considers that and the jury makes the decision." Although Smith now contends that the trial court "unfairly reduced the entire issue [of impeachment] to Bradby either implicates himself or he does not," we

cannot conclude that the trial court abused its discretion in so doing. The record shows the trial court determined that the jury had heard the relevant portions of the statement as it related to impeachment. Once the jury has heard the relevant portions of the prior inconsistent statement during cross-examination, whether the written statement itself is admitted into evidence is ''a distinction without a difference.'' *See id.* at 374, 355 S.E.2d at 594-95. Because the trial court determined that admission of the written statement would have added nothing not already in the record, we cannot conclude that the trial court abused its discretion in refusing to admit the transcript.

## IV.

■ Appellant also claims that the trial judge erred in allowing Bradby to testify as to which of his statements was truthful—the statement he originally made to police or his testimony at trial. Appellant claims that this was error because it is the jury's function to determine which of the witness's statements was truthful. We conclude, however, that no error occurred. '' 'A witness may be allowed to explain a prior inconsistent statement, and his explanation should be received and considered by the jury.' '' *Crumpton v. Commonwealth*, 9 Va. App. 131, 136, 384 S.E.2d 339, 342 (1989) (quoting *Brown v. Peters*, 202 Va. 382, 389, 117 S.E.2d 695, 699 (1961)). When, as a result of that inconsistency, one statement must be false, part of the witness's ''explanation'' likely will include his assertion as to which statement is true. As with any other credibility determination, the jury may reject the witness's testimony if it does not believe he is telling the truth. *Braxton v. Commonwealth*, 195 Va. 275, 279, 77 S.E.2d 840, 842 (1953).

## V.

■ Finally, appellant claims the evidence was insufficient to support his conviction.

When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom. The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.

*Traverso v. Commonwealth*, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988) (citations omitted). Both Bradby and the taxi driver

identified appellant as a participant in the crime, and appellant's fingerprints were found on the trunk of the taxi. Although appellant asserts that Bradby's accomplice testimony should have been received by the jury with the greatest caution, the record reveals that the jury was given a cautionary instruction. Nevertheless, it was within the province of the jury to determine the credibility of the witness's testimony and the weight to be given it. *Mullis v. Commonwealth*, 3 Va. App. 564, 571, 351 S.E.2d 919, 923 (1987). Viewing the evidence introduced at trial in the light most favorable to the Commonwealth, we cannot say that the verdict was plainly wrong or without evidence to support it.

For the reasons stated above, we affirm the ruling of the trial court.

*Affirmed.*

Willis, J., concurred.

Benton, J., dissenting.

Leroy Dowdy Smith correctly argues that the trial judge erred in refusing to admit Torrence Bradby's pre-trial statement to the police which contradicted Bradby's trial testimony. Conceding that Bradby's statement was inconsistent with Bradby's testimony, the Commonwealth cites Code § 19.2-268.1 in support of the contention that the trial judge has broad discretion in deciding whether to admit the statement in evidence. The Commonwealth further contends that since Bradby did not dispute the fact that his previous statement contradicted his trial testimony, the trial judge did not abuse his discretion in refusing to admit the prior written statement. I would hold that the record proved the trial judge abused his discretion, and I would reverse the conviction.

By statute in Virginia, parties in a criminal case may cross-examine a witness as to previous statements.

> A witness in a criminal case may be cross-examined as to previous statements made by him in writing or reduced into writing, relative to the subject matter of the proceeding, without such writing being shown to him; but if it is intended to contradict such witness by the writing, his attention must, before such contradictory proof can be given, be called to the particular occasion on which the writing is supposed to have been made, and he may be asked if he did not make a writing of the purport of the one to

be offered to contradict him, and if he denies making it, or does not admit its execution, it shall then be shown to him, and if he admits its genuineness, he shall be allowed to make his own explanation of it; but it shall be competent for the court at any time during the trial to require the production of the writing for its inspection, and the court may thereupon make such use of it for the purpose of the trial as it may think best.

Code § 19.2-268.1.

The Commonwealth reads Code § 19.2-268.1 too broadly. The statute does not by its terms limit a party's right to offer as evidence the writing used to examine the witness. The last phrase in the statute reads: "[I]t shall be *competent for the court* at any time during the trial *to require the production* of the writing *for its inspection*, and the court may thereupon make such use of it for the purpose of the trial as it may think best." *Id.* (emphasis added). This language empowers the trial judge to require the production of the document, on the court's own initiative, even if the party in possession of the writing does not make it available to the witness. When the trial judge secures the document pursuant to Code § 19.2-268.1, the judge is authorized to "make such use of it for the purpose of the trial as [the trial judge] may think best." *Id.* Thus, nothing in the statute changes the rules concerning the admissibility of relevant documentary proof offered by any one of the litigants.

Code § 19.2-268.1 cannot be read to empower the trial judge to limit introduction of the writing when that limitation intrudes upon the defendant's sixth amendment right of confrontation to "substantially and fairly" cross-examine his opponent's witness. *Williams v. Commonwealth*, 4 Va. App. 53, 77-78, 354 S.E.2d 79, 93 (1987). Consistent with the statute, the Supreme Court has stated:

It is fundamental to the right of cross-examination that a witness who is not a party to the case on trial may be impeached by prior statements made by the witness which are inconsistent with his present testimony, provided a foundation is first laid by calling his attention to the statement and then questioning him about it before it is *introduced in evidence.*

*Hall v. Commonwealth*, 233 Va. 369, 374, 355 S.E.2d 591, 594 (1987) (citations omitted) (emphasis added).

When Smith's counsel cross-examined Bradby, Bradby admitted that he gave a statement concerning the robbery to the police on the day he was arrested. That statement was inconsistent with his trial testimony. However, Bradby also said he could not recall certain portions of the statement.

[SMITH'S COUNSEL]: You've also told the detective that day that Leroy got in and drove the cab and drove you all off, right?

A. I don't recall that.

[SMITH'S COUNSEL]: Your Honor, might I approach the witness?

THE COURT: Yes.

Q. It's page 3. All right. Mr. Bradby, take a look at that paragraph. Specifically what I have got underlined there, would you read that, please?

A. Leroy got out of the cab and drove the cab.

Q. Do you recall saying that, now?

A. No, ma'am.

Q. You don't recall saying that?

A. No, ma'am.

Q. This tape is wrong?

MR. TRONO: Objection, Judge.

THE COURT: Objection sustained.

The Commonwealth asserts that the "statement would have added nothing that the witness did not admit." However, as the quoted excerpt from the trial transcript demonstrates, Bradby did not unequivocally admit either the accuracy of the prior inconsistent statement or the inconsistencies of the prior statement. It is well established that whenever a witness testifies that he or she is unable to recall a prior inconsistency, the prior inconsistent statement is admissible as evidence. *McGehee v. Perkins*, 188 Va. 116, 125, 49 S.E.2d 304, 309 (1948); *Forde v. Commonwealth*, 57 Va. (16 Gratt.) 547, 553-59 (1864). *See also State v. Van Gorder*, 56 Or. App. 83, 89, 641 P.2d

584, 587 (1982); *People v. Baca*, 633 P.2d 528, 529 (Colo. Ct. App. 1981). All inconsistent portions of a prior written statement are admissible for impeachment purposes. *Epps v. Commonwealth*, 190 Va. 93, 102, 56 S.E.2d 237, 240-41 (1949).

Bradby admitted that he never incriminated himself in the statement he gave the police. His failure, however, to recall statements that directly conflicted with his trial testimony describing Smith's participation in the events was tantamount to denial of those statements. The scope and weight of the impeachment material directly related to Smith's participation and could not be adequately assessed by the jury when limited to one or two inconsistencies brought out on cross-examination or Bradby's simple admission that he had been lying when he gave that statement. When Bradby failed to recall items in the statement, the entire statement became relevant. The statement's impeachment value was derived from its factual completeness and detailed account of Bradby's false claim of innocent presence at the robbery as well as Bradby's inconsistent description of Smith's involvement. In depriving the jury of the entire statement, the trial judge deprived the jury of the opportunity to consider the thoroughness of Bradby's self-admitted prevarication, to weigh the degree of his evasiveness when questioned, and to compare his statement with his similarly detailed testimony at trial.

"While it is true that the trial court may, in the exercise of discretion, limit cross-examination of a witness within reasonable bounds, that does not mean that in the exercise of such judicial discretion it should exclude relevant evidence which tends to attack the credibility of a witness who is not a defendant." *Hummel v. Commonwealth*, 217 Va. 548, 550, 231 S.E.2d 216, 217 (1977), *cert. denied*, 440 U.S. 935 (1979). Since the trial judge's discretion to limit cross-examination may not be employed until the defendant has had an opportunity to "substantially and fairly" cross-examine the witness, *Williams*, 4 Va. App. at 77-78, 354 S.E.2d at 93, his actions impermissibly compromised Smith's constitutional right to confront the witness. The error was not harmless; therefore, the conviction should be reversed.