SAMUEL QUENTIN SMITH, JR., s/k/a

SAMUEL QUINTON SMITH, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 1765-93-1

Decided February 7, 1995

COUNSEL

Howard M. Miller (St. Clair, Miller & Marx, P.C., on brief), for appellant.

Katherine P. Baldwin, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Samuel Quentin Smith, Jr. appeals his conviction for conspiracy to distribute cocaine in violation of Code § 18.2-256. Smith contends: (1) the trial court erred in allowing the Commonwealth to introduce into evidence a defense witness's signed stipulation of facts from a prior trial; and (2) the evidence was insufficient to establish beyond a reasonable doubt that he conspired to distribute cocaine. Because we hold that the stipulation of facts signed by the witness constitutes a prior inconsistent writing and that the evidence was sufficient to support the judgment of the trial court, we affirm appellant's conviction.

## I.

### FACTS

On November 17, 1992, Corporal Herbert Fayton of the Norfolk Police Department was working undercover in connection with an investigation of narcotics sales. At approximately 3:15 p.m., Fayton and an informant drove to a Norfolk neighborhood known to be frequented by drug dealers. Fayton and the informant saw appellant standing between two houses. Fayton left the

car, approached appellant, and asked appellant if he had "a twenty," a common term for a quarter gram of cocaine. Appellant told Fayton to "hold on a second" and walked to a grassy area between the two houses. After looking for something in the grass, appellant returned and told Fayton "my boys must have moved it."

Appellant told Fayton to return in ten minutes, that his "boys" would be there, and that he would "take care of him." Fayton and the informant returned to the location a few minutes later, at which point they spotted appellant standing with Otis Williams. Appellant directed Williams to "take care of him," as he motioned in the direction of Fayton. Williams told Fayton to back his car out of the driveway so as not to attract police. Williams then told Fayton to wait, and Williams and appellant spoke to each other before walking about fifteen yards away from Fayton. Williams held out his hand, and appellant handed something to him. Appellant and Williams walked back to the car where Williams handed a piece of crack cocaine to Fayton, who paid Williams with a marked twenty dollar bill.

An arrest team immediately thereafter arrested appellant and Williams and found the marked bill on appellant's person. Neither appellant nor Williams was in possession of any drugs. Appellant denied any knowledge of the drug sale and claimed Williams had given him the twenty dollar bill in order to make change.

At trial, Williams testified for the defense, claiming he alone made the drug sale to Fayton, that he had known appellant only briefly, and that he had given appellant the marked bill in an attempt to get change. Williams admitted that he pleaded guilty to the charge of distribution of cocaine to Fayton. On cross-examination, Williams was confronted with a written stipulation of facts he had signed at his guilty plea trial that contradicted his trial testimony. Williams first admitted and then denied the truth of the facts contained in the stipulation, and it was admitted into evidence over his objection. Appellant was convicted of conspiracy to distribute cocaine but was acquitted on the charge of distribution of cocaine.

## II.
## STIPULATION OF FACTS

We hold the trial court did not abuse its discretion in admitting the stipulation of facts pursuant to Code § 19.2-268.1. In reaching the merits of this issue, we reject the Commonwealth's contention that this issue is barred on appeal under Rule 5A:18. The record demonstrates defense counsel objected in a timely fashion to the admissibility of the stipulation of facts and that his reasons for doing so were the same as those raised on appeal.

■ Code § 19.2-268.1 allows the introduction at a criminal trial of a witness's prior inconsistent writing. As we have noted:

Code § 19.2-268.1, in plain language, permits the cross-examination of a witness in a criminal case based on a prior written statement by the witness. This statute provides that if the witness denies making the prior statement, it shall . . . be shown to him and if he admits its genuineness, he shall be allowed to make his own explanation of it.

*Scott v. Commonwealth*, 7 Va. App. 252, 258, 372 S.E.2d 771, 775 (1988), *cert. denied*, 490 U.S. 1095 (1989); *see Smith v. Commonwealth*, 15 Va. App. 507, 511, 425 S.E.2d 95, 98 (1992). We see no reason why the signed stipulation of facts that accompanied Williams's plea should be viewed as anything other than Williams's admission to the events that transpired during the consummated drug sale.

■ Importantly, the trial court is permitted to "make such use of [the writing] for the purpose of the trial as it may think best." Code § 19.2-268.1; *see generally Spruill v. Commonwealth*, 221 Va. 475, 271 S.E.2d 419 (1980) (holding determination of scope of cross-examination in general, and of extent of testimonial impeachment in particular, should be left largely to the discretion of the trial court, and an appellate court will not interfere unless that discretion has been plainly abused). The record demonstrates that the stipulation of facts was submitted in compliance with Code § 19.2-268.1. After the stipulation's submission, appellant's counsel had the opportunity to elicit Williams's version of the facts. Thereafter, it was within the province of the jury to determine Williams's veracity. *See Smith v. Commonwealth*, 15 Va. App. 507, 513, 425 S.E.2d 95, 99 (1992) (citing *Braxton v. Common-*

*wealth,* 195 Va. 275, 77 S.E.2d 840 (1953)).

Williams admitted he voluntarily pleaded guilty to the charge of drug distribution—a charge arising from the same incident at issue in appellant's trial. Importantly, Williams's signature appeared at the end of the stipulation, and his signature was not accompanied by any reservations as to facts he disputed. Nothing in the stipulation indicates that Williams was stipulating to facts the Commonwealth needed to prove only if Williams's case went to trial. Nothing in the stipulation established that Williams's guilty plea was an *Alford* plea, a plea of guilty despite a claim of innocence. *See North Carolina v. Alford,* 400 U.S. 25 (1970) (stating that a judgment can be entered against a defendant on his intelligent plea of guilty even when accompanied by a claim of innocence). While Williams disputed the accuracy of the portion of the stipulation that was read to him while he was testifying, he also admitted that he had signed the stipulation of facts and that the facts cited therein were truthful. Thus, the stipulation's introduction for impeachment purposes was not an abuse of discretion.

## III.

## SUFFICIENCY OF THE EVIDENCE

■ Employing familiar standards of appellate review, we hold the evidence was sufficient to prove beyond a reasonable doubt a conspiracy to distribute cocaine. "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." *Josephs v. Commonwealth,* 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (*en banc*). "The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it." *Traverso v. Commonwealth,* 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988) (citations omitted).

■ A conspiracy is "an agreement between two or more persons by some concerted action to commit an offense." *Edwards v. Commonwealth,* 18 Va. App. 45, 48, 441 S.E.2d 351, 353 (1994) (quoting *Cartwright v. Commonwealth,* 223 Va. 368, 372, 288 S.E.2d 491, 493 (1982)). The following facts allowed the jury to conclude that appellant and Williams entered into an agreement to sell cocaine to Fayton: appellant told Fayton to return in ten minutes and that his "boys" would "take care of him;" when Fayton returned, appellant was talking with Williams; appellant

directed Williams to "take care" of Fayton; Williams again conferred privately with appellant after Fayton asked to buy cocaine; and the marked bill used to purchase the cocaine from Williams was found on appellant's person when appellant was arrested just seconds after the consummated sale.

For the foregoing reasons, appellant's conviction is affirmed.

*Affirmed.*

Baker, J., and Willis, J., concurred.