COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


BRIAN DUDLEY McNEIL

                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1477-94-4       JUDGE LARRY G. ELDER
                                       OCTOBER 31, 1995
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                    James W. Haley, Jr., Judge


         David B. Albo for appellant.

         Michael T. Judge, Assistant Attorney General
         (James S. Gilmore, III, Attorney General; Robert
         B. Condon, Assistant Attorney General, on brief),
         for appellee.


     Brian Dudley McNeil (appellant) appeals his conviction for

driving under the influence of alcohol in violation of Code

§ 18.2-266(ii).  Appellant contends the trial court erred in

receiving into evidence part of a police report containing a

statement made by appellant to a third party who was not called

to testify.  We hold the Commonwealth's failure to call the third

party to testify about appellant's prior inconsistent statement

left appellant unimpeached, and therefore appellant was

unaffected by the Commonwealth's introduction of the statement

during appellant's cross-examination.  Additionally, the trial

judge, sitting without a jury, presumably disregarded any

prejudicial or inadmissible evidence.  For these reasons, we

_____

         [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

affirm the conviction.

Viewed in the light most favorable to the Commonwealth, the record reveals that on October 29, 1993 appellant was arrested for driving under the influence of alcohol. At trial, appellant testified that on the night in question, he drank one beer at the Board Room, a club at the FBI Academy in Quantico, Virginia and two beers at Fat Tuesday's, a nearby bar. Later that night, when appellant approached a checkpoint at the Quantico military base, Lance Corporal Mark Dickerson smelled alcohol on appellant's person and administered sobriety tests on appellant. Appellant mumbled incoherently, failed two different sobriety tests, and then left the scene in his car at a high rate of speed, lightly striking Dickerson in the process. Appellant drove onto Interstate 95, where he proceeded at a "very high rate of speed and out of control," while swerving between lanes. Appellant then re-entered the military base through an unguarded gate. Corporal Robert Dunn testified he followed a vehicle matching appellant's car's description, which traveled at a rate of seventy miles per hour and refused to pull over despite Dunn activating his lights and siren. Military police took appellant into custody at approximately 2 a.m.

During cross-examination, the prosecutor attempted to impeach appellant with the use of a statement appellant made to Major William Wade after the incident. The prosecutor, over objection, asked appellant whether he told Major Wade he had

consumed "a couple" of beers, as opposed to one beer, at the Board Room club prior to the incident.

The trial court found appellant guilty of driving under the influence of alcohol.

We hold the Commonwealth unsuccessfully attempted to impeach appellant with the use of a prior inconsistent statement made to Wade and that this unsuccessful attempt does not warrant a reversal of appellant's conviction.

Code § 19.2-268.1; Edwards v. Commonwealth, 19 Va. App. 568, 454 S.E.2d 1 (1995); and Smith v. Commonwealth, 15 Va. App. 507, 425 S.E.2d 95 (1992), detail the procedure by which a witness may be confronted with a prior inconsistent statement or writing. In this case, the record reveals the Commonwealth laid the proper foundation for impeachment and afforded appellant the chance to deny making the disputed statement to Wade. However the Commonwealth did not show the statement to appellant and failed to call Wade to the stand to offer testimony that would have proven appellant made a prior inconsistent statement. Therefore, arguably the trial court never received into evidence any improper impeachment evidence, as "the mere denial [by appellant did] not in itself constitute impeachment." 1 Charles E. Friend, The Law of Evidence in Virginia § 4-3(a), at 123-24 n.7 (4th ed. 1993)(citing Floyd v. Commonwealth, 191 Va. 674, 62 S.E.2d 6 (1950)).

Furthermore, because this was a non-jury trial, the trial

3

court is presumed to have used its unique "training, experience, and judicial discipline to disregard potentially prejudicial comments and to separate, during the mental process of adjudication, the admissible from the inadmissible, even though [it] . . . heard both." Echkhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981). We will not reverse a decision unless clear evidence exists that the trial court failed to disregard inadmissible or prejudicial evidence. Hall v. Commonwealth, 14 Va. App. 892, 902, 421 S.E.2d 455, 462 (1992)(en banc). Additionally, the:

> determination of the scope of cross-examination in general, and of the extent of testimonial impeachment in particular, should be "left largely to the sound discretion of the trial court; and the rule is well established that an appellate court will not interfere, unless that discretion has been plainly abused."

Spruill v. Commonwealth, 221 Va. 475, 486, 271 S.E.2d 419, 425 (1980)(citation omitted). In this case, although the trial court heard the Commonwealth's question to appellant and a small portion of Wade's sworn statement, the record shows the trial court did not consider these factors in reaching its decision. As the trial court stated in its findings, it started "from the proposition in this case, on that evening you had three beers, by your own testimony, or any minimum you had three beers." The trial court then summarized the abundant credible evidence offered against appellant. In light of these facts, we cannot

4

say that any error occurred that affected appellant's right to a fair trial.  <u>See</u> Code § 8.01-678.

Accordingly, we affirm the conviction.

                                                      Affirmed.