COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Bumgardner and Frank
Argued at Alexandria, Virginia


JOSEPH DALE BOWLER

                                        MEMORANDUM OPINION* BY
v.    Record No. 0404-99-4            JUDGE JERE M. H. WILLIS, JR.
                                             MARCH 21, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Thomas S. Kenny, Judge

        (William D. Pickett, on brief), for
        appellant.  Appellant submitting on brief.

        Richard B. Smith, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


    On appeal from his jury-trial conviction of second degree

murder, in violation of Code § 18.2-32, Joseph Dale Bowler

contends (1) that the trial court erred in refusing his

proffered self-defense instruction, and (2) that the evidence

was insufficient to support his conviction.  We find no error

and affirm the judgment of the trial court.

    "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(citation omitted).

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On the morning of February 5, 1998, Bowler knocked on a neighbor's door and said there was a dead woman in his apartment upstairs. His pants were bloody, and he requested aid "to take something downstairs before the police" arrived. The neighbor called the police. The first officer on the scene found Bowler's girlfriend, Ruby Kibler, lying dead just inside Bowler's apartment. She had been stabbed twice.

Bowler initially told the police that he heard Kibler banging on the downstairs door and that upon opening the door, he found her stabbed and bleeding from an attack by an unknown assailant. He said that he carried her upstairs to his apartment, where she died. Later, after the police pointed out several inconsistencies in his story, Bowler admitted that he and Kibler had been together in his apartment, that they had been drinking heavily, and that they had begun to argue. He said that she attacked him with a knife and they fought over the knife. He said that in the struggle, they fell down the stairs, and Kibler was wounded when she fell on the knife. Bowler said that he passed out at the foot of the stairs and did not awake until the next morning.

## II. Jury Instruction

Bowler contends that the trial court erred in refusing to instruct the jury on self-defense. He argues that his proffered instruction was supported by credible evidence.

-

"We are bound by the principle that the accused is entitled, on request, to have the jury instructed on a lesser included offense [or affirmative defense] that is supported by more than a 'scintilla of evidence' in the record." Bunn v. Commonwealth, 21 Va. App. 593, 599, 466 S.E.2d 744, 746 (1996) (citation omitted). "Self-defense is an affirmative defense which the accused must prove by introducing sufficient evidence to raise a reasonable doubt about his guilt." Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993). "'In determining whether to instruct the jury on a lesser-included offense [or affirmative defense], the evidence must be viewed in the light most favorable to the accused's theory of the case.'" Hunt v. Commonwealth, 25 Va. App. 395, 400, 488 S.E.2d 672, 674 (1997) (citation omitted).

Bowler relies on his assertion that Kibler attacked him and they both fell down the stairs in the ensuing struggle. He does not claim that he stabbed Kibler to protect himself but asserts rather that she was stabbed accidentally.

Bowler's original story, blaming an unknown assailant, does not support a self-defense instruction. His subsequent account supports an instruction on accident, which was given. At trial, Bowler argued that he was entitled to a self-defense instruction because: "[I]f [the jurors] accept the fact that [Kibler] did, in fact, pull out a knife on [Bowler] and, as a result of pulling out the knife, he grabbed the knife and plunged it in

-

her, that's self-defense. . . . I think from the evidence that [the jurors] can accept the fact that Mrs. Kibler picked up the knife."  The trial court ruled that such a theory presupposed that Bowler wrested the knife away from Kibler and stabbed her, an assumption unsupported by the record.  The evidence supports no other conclusion.

"The defense that a killing was accidental presents a different issue from a claim that a killing was done in self-defense. . . . In making [a claim of self-defense] a defendant implicitly admits the killing was intentional and assumes the burden of introducing evidence of justification or excuse that raises a reasonable doubt in the minds of jurors." McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978).  Bowler never contended that he stabbed Kibler to defend himself.  His assertion that she was stabbed accidentally while falling down the stairs did not support a self-defense instruction and that instruction was properly refused.

We recognize that death may result accidentally from action taken in self-defense.  Under such circumstances, defenses of accident and self-defense are not mutually exclusive and instructions on both defenses should be given upon request.  See Farrow v. Commonwealth, 197 Va. 353, 89 S.E.2d 312 (1955); Jones v. Commonwealth, 196 Va. 10, 82 S.E.2d 482 (1954); Braxton v. Commonwealth, 195 Va. 275, 77 S.E.2d 840 (1953); Valentine v. Commonwealth, 187 Va. 946, 48 S.E.2d 264 (1948).  However, the

-

evidence in this case does not support a claim of self-defense or the giving of a self-defense instruction.

### III. Sufficiency of the Evidence

Bowler next contends that because no credible evidence proved malice, the evidence was insufficient to support a conviction for second degree murder.

"Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

"'The test of murder is malice. Every malicious killing is murder either in the first or second degree -- the former if deliberate and premeditated, and the latter if not.'" Wooden v. Commonwealth, 222 Va. 758, 762, 284 S.E.2d 811, 814 (1981) (citation omitted). "The trier of fact may infer malice from the deliberate use of a deadly weapon." Utz v. Commonwealth, 28 Va. App. 411, 415, 505 S.E.2d 380, 382 (1998). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

Rosetta Jones testified that Bowler and Kibler argued about whether Kibler was going home to Washington, D.C. She testified

-

that Bowler angrily refused to allow Kibler to leave.  The medical evidence showed that Kibler suffered two deep stab wounds.  One wound perforated her left arm.  The other penetrated her chest to a depth of five or six inches and hit her aorta.  Although her body was found in Bowler's apartment, there was a pool of blood at the foot of the stairs, and bloodstains were found on the walls of the stairwell.  Bowler did not call for help until Kibler was dead.  He gave the police inconsistent versions of the incident.

Sufficient evidence supports a finding that Bowler stabbed Kibler.  Such an act imputes malice.  Under the evidence, the jury could reasonably have believed that he stabbed her and disbelieved that she died by accident.  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

The judgment of the trial court is affirmed.

Affirmed.

-