## Richmond

### Henry Lee Clere v. Commonwealth of Virginia.

November 29, 1971.

Record No. 7575.

Present, All the Justices.

*Jefferson B. Brown* (*Dietrick, Brown & Carter*, on brief), for plaintiff in error.

*James E. Kulp, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Gordon, J., delivered the opinion of the court.

Defendant Henry Lee Clere was tried for the murder of Thomas A. McKown, convicted of first degree murder and sentenced to death. He appeals, raising two issues that merit discussion: (I) Did the trial court properly admit into evidence a witness's out-of-court statement that was consistent with her testimony at Clere's trial? (II) Did the trial court properly admit into evidence items seized during searches of Clere's home and his wife's automobile?

I

Cora E. McKown, the victim's wife, gave two written statements to the police during their investigation of the crime. In the

first statement, she confessed that she had killed her husband, without implicating defendant Clere. A few minutes later, Cora made an exculpatory statement identifying Clere as the murderer of her husband.

On direct examination at Clere's trial, Cora described the incidents that occurred on the night her husband was killed, identifying Clere as the murderer. On cross examination, defense counsel questioned Cora about what she had said in her first out-of-court statement. On redirect examination, the prosecution questioned Cora about what she had said in her second out-of-court statement. The prosecution then offered both statements as evidence, and the court admitted them over defense counsel's objection.[1]

Some courts exclude evidence of a witness's prior consistent statement, even after his testimony has been attacked by the introduction of a prior inconsistent statement. They reason that "since the self-contradiction is conceded, it remains as a damaging fact, and is in no sense explained away by the consistent statement". *4 Wigmore on Evidence* § 1126 at 197 (3d Ed. 1940).[2]

This Court has approved the contrary rule that a prior consistent statement is admissible after a witness's testimony has been attacked by the admission of a prior inconsistent statement. *Martin v. Richmond F&P RR*, 101 Va. 406, 411, 44 S.E. 695, 696 (1903) (dictum). And we now hold that it is appropriate to admit a prior consistent statement under these circumstances. The fact that a witness made a prior consistent statement, as well as an inconsistent statement, is relevant in considering the impeaching effect of the inconsistent statement on the witness's testimony.

## II

During their investigation of the crime, the police obtained warrants authorizing the search of Clere's home and his wife's automobile for a bloodstained scarf or handkerchief. Two police officers

---

[1] The transcript indicates that the judge sustained defense counsel's objection to the admission of the statements. On the other hand, the notations and the judge's initials on each statement indicate that they were admitted into evidence, and the statements were apparently handed to the jury with the other exhibits introduced in the case. We will assume therefore that the court intended to and did admit the statements into evidence.

[2] Other courts would admit a prior consistent statement only under a circumstance not applicable in this case, if evidence of a witness's prior inconsistent statement had been introduced but the making of the inconsistent statement was not an established fact. *4 Wigmore on Evidence* § 1126 at 198-99 (3d Ed. 1940).

searched the home, where they found and seized not only the scarf but also a revolver and holster. Two other officers searched the automobile, where they found and seized other incriminating items.

All the seized items were admitted into evidence over defense counsel's objection, which was predicated on the premise that the bloodstained scarf was found before any other seized item was found. Based on that premise, defense counsel contended that the officers' authority to search pursuant to the warrant ceased when the bloodstained scarf was found, and that they lacked authority to continue the search and to seize the other items.

According to the evidence, the home and the automobile were searched at the same time. And there is no evidence to support defense counsel's contention that the police were not still searching for the bloodstained scarf when they found the other items. So we reject the objection to the introduction of the seized items.

*Affirmed.*