**Alexandria**

ANTHONY KEITH EDWARDS

v.

COMMONWEALTH OF VIRGINIA

No. 1724-93-4

Decided February 7, 1995

Counsel

D. Scott Bailey (Stephens, Boatwright & Howard, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

Opinion

**FITZPATRICK, J.**—Anthony Keith Edwards (appellant) was convicted in a jury trial of malicious wounding in violation of Code § 18.2-51. The only issue raised on appeal is whether the trial court erred in requiring a transcript of two witnesses' preliminary hearing testimony before appellant could attempt to impeach them. For the reasons that follow, we reverse the conviction.

On August 7, 1992, Lynwood Williams (Williams) was aiding his cousin, Michael Bowls, who had just been stabbed by appellant's brother. Williams saw appellant walk past him with a knife,

and a moment later, Williams felt a knife against his throat. When he turned to grab the knife, he felt and then saw appellant cut his throat and shoulder. Tony Bowls (Bowls), Michael Bowls's nephew, also testified that appellant cut Williams.

At trial, appellant attempted to impeach both Williams and Bowls by questioning them about statements made at a preliminary hearing. Appellant asked Williams: "Do you remember testifying at that hearing that you never saw who cut you?" The Commonwealth objected to the lack of a transcript, and appellant's counsel stated: "I don't have a transcript." Williams answered the question: "I can't recall." The court sustained the Commonwealth's objection and prevented any further cross-examination unless based on a transcript from the preliminary hearing.

The colloquy with Bowls followed a similar line when appellant attempted to lay a foundation to impeach him by asking: "[D]o you remember testifying that you did not see that before?" The Commonwealth again objected, arguing that the question mischaracterized Bowls's preliminary hearing testimony. The court refused to allow appellant to ask Bowls any foundation questions unless based upon a transcript of the prior hearing and sustained the Commonwealth's objection.

Appellant argues that the trial court erred in precluding his attorney from impeaching Williams and Bowls without the use of a transcript. The Commonwealth contends that Code § 19.2-268.1[1] applies and that therefore appellant was required to use a transcript when attempting to impeach the two witnesses.

 We agree with appellant that the court erred in requiring a transcript before allowing him to attempt to impeach Williams

---

[1] Code § 19.2-268.1 provides, in pertinent part, that:

A witness in a criminal case may be cross-examined as to previous statements made by him *in writing or reduced into writing*, . . . without such writing being show to him; but if it is intended to contradict such witness by the writing, his attention must, before such contradictory proof can be given, be called to the particular occasion on which the writing is supposed to have been made, . . . and if he denies making it or does not admit its execution, it shall then be shown to him . . . [and] the court at any time during the trial [may] require the producion of the writing for its inspection . . . . (emphasis added).

and Bowls. "A witness may be impeached by showing that he has formerly made statements inconsistent with his present testimony." 1 Charles E. Friend, *The Law of Evidence in Virginia* § 4-3(a), at 119 (4th ed. 1993). An attorney may impeach a witness in this manner, "provided a foundation is first laid by calling his attention to the statement and then questioning him about it." *Hall v. Commonwealth*, 233 Va. 369, 374, 355 S.E.2d 591, 594 (1987). *See also Neblett v. Hunter*, 207 Va. 335, 340, 150 S.E.2d 115, 119 (1966).

> [T]he statement of a witness that he fails to recollect or does not recall his former testimony or statement constitutes an adequate foundation for his impeachment. The fact that his present testimony is inconsistent with his prior testimony or statement justifies the showing of the inconsistency, provided he is given an opportunity of correcting the present testimony by directing his attention to the time, place and circumstances of the prior utterance.

*McGehee v. Perkins*, 188 Va. 116, 125, 49 S.E.2d 304, 308-09 (1948). An impeached witness may explain his prior inconsistent statement. *Smith v. Commonwealth*, 15 Va. App. 507, 513, 425 S.E.2d 95, 99 (1992).

After the foundation is laid, "[t]he witness may then usually be impeached by the introduction of evidence to prove that the prior inconsistent statement was in fact made." Friend, *supra*, § 4-3(d), at 123. Such evidence includes the testimony of another witness who heard the prior inconsistent statement, *Smith v. Commonwealth*, 136 Va. 773, 775-76, 118 S.E. 107, 108 (1923), or the transcript of a prior hearing. *Roberts v. Commonwealth*, 230 Va. 264, 269, 337 S.E.2d 255, 258 (1985). If the prior inconsistent statement was "in writing or reduced to writing," such as in the form of a transcript, the court may require the party to produce the writing. Code § 19.2-268.1. However, this Code section presupposes the existence of a writing.

The court erred in requiring a transcript as the *only* means of impeaching a witness based on inconsistent statements made at an earlier hearing. Although laying a foundation prior to the introduction of impeachment evidence is a separate and necessary step in the impeachment process, it is not contingent on the existence of a transcript. While using a transcript, if available, is

the preferable means of laying an impeachment foundation, it is not the only means. This rule also applies once the initial foundation has been laid. If a witness denies or is unable to recall a prior statement, a party may impeach him by introducing other evidence, such as another witness who heard the inconsistent statement. If a transcript is available, the court may require its production pursuant to the mandate of Code § 19.2-268.1 even if there are other means of impeachment. The trial court erred in limiting appellant's attempt to impeach Bowls and Williams by requiring the use of a transcript and precluding him from pursuing any other means of impeachment.

We hold that Code § 19.2-268.1 does not determine the outcome of this case because there was no evidence that a transcript was available or that the disputed testimony had been reduced to writing. The Supreme Court of Virginia held that *if a transcript is available*, an attorney may read from the transcript to impeach a witness by prior inconsistent statements. *Roberts*, 230 Va. at 269, 337 S.E.2d at 258. In *Scott v. Commonwealth*, 7 Va. App. 252, 372 S.E.2d 771 (1988), *cert. denied*, 490 U.S. 1095 (1989), this Court held that courts could require a direct reading from an available transcript instead of paraphrased questions, and that the trial court's ruling "was consistent with the requirements of Code § 19.2-268.1 . . . and it was well within the court's discretion to control the conduct of cross-examination." *Id.* at 258, 372 S.E.2d at 775. However, the *Scott* rationale applies only if a writing is involved.

■ The Commonwealth also argues that appellant is barred from raising this issue because he failed to proffer the expected impeachment testimony. We agree that in most cases, "a proffer is required so that an appellate court may determine whether the aggrieved party has been prejudiced by the trial court's ruling." *Craig v. Commonwealth*, 14 Va. App. 842, 845, 419 S.E.2d 429, 431 (1992). However, under the particular facts of this case, appellant's failure to proffer does not preclude our consideration of this issue. If Bowls and Williams admitted making the prior inconsistent statements, appellant would have succeeded in his impeachment. If they denied the statements, their testimony would have been subject to impeachment by other competent evidence. Additionally, there was no way appellant could have proffered

what a potential cross-examination answer would have been until he laid the initial foundation.

We hold that the trial court erred in limiting appellant's impeachment cross-examination to the use of a written transcript when none was available. The conviction is reversed and the case remanded for a new trial if the Commonwealth so chooses.

*Reversed and remanded.*

Barrow, J., and Koontz, J., concurred.