COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Annunziata and
        Senior Judge Hodges
Argued at Richmond, Virginia

CLARENCE E. JONES

v.      Record No. 1071-94-2      MEMORANDUM OPINION[*]
                          BY JUDGE ROSEMARIE P. ANNUNZIATA
COMMONWEALTH OF VIRGINIA          AUGUST 1, 1995

        FROM THE CIRCUIT COURT OF BRUNSWICK COUNTY
              Robert G. O'Hara, Jr., Judge

    John F. McGarvey for appellant.

    Katherine P. Baldwin, Assistant Attorney General (James S.
    Gilmore, III, Attorney General, on brief), for appellee.


    Clarence E. Jones (appellant) was tried by a jury and found

guilty of murder, attempted murder, and two counts of the use of

a firearm in the commission of a felony.  On appeal, he argues

that the trial court erred in (1) permitting Calvin Maryland

(Maryland) to testify that he saw appellant and the murder victim

together in the nude at Maryland's house several months before

the murder; (2) refusing to allow him to impeach a witness with

inconsistent statements contained in a transcript of the witness'

preliminary hearing testimony; (3) refusing to admit evidence

about a conversation overheard between the decedent and an

unknown man; and (4) admitting into evidence bullets found in his

vehicle and the certificate of analysis of the bullet fragment

taken from the decedent.  We find no reversible error and affirm

---

        [*] Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

the convictions.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App 438, 443, 358 S.E.2d 415, 418 (1987).

On March 3, 1991, Patty Maryland (Patty) and Albert Garrett (Garrett), sitting together in a parked vehicle, were approached by a vehicle driven by appellant. Appellant got out of his vehicle, walked towards Patty and Garrett, and threatened to kill them. Appellant pulled out a handgun and began firing. Garrett fled into the woods where he got lost and remained for several hours. Patty's body was found in her vehicle. She had died from a gunshot wound to her head.

The police went to appellant's home at 4:00 a.m. on March 4 and received appellant's consent to search his home. Appellant further consented to the search of the vehicles outside his home, and supplied the keys to these vehicles. Inside one of the vehicles, which appellant identified as his, police located a box of bullets.

Several months prior to her death, Patty had had an affair with appellant. However, at the time of her death she was having an affair with Garrett, a fact known to the appellant. One week prior to the murder, Garrett called Patty at her house. During their conversation, appellant picked up the phone and joined the conversation. Later that same day, appellant called Garrett from

2

Patty's home and advised him to end his affair with Patty.

Maryland, the victim's husband, testified that, five months before his wife was killed, he observed her and appellant together in the nude at his home. Appellant argues that this testimony was not relevant and was prejudicial.

"Every fact, however remote or insignificant, that tends to establish the probability of a fact in issue, is relevant, and if otherwise admissible, should be admitted." Harrell v. Woodson, 233 Va. 117, 122, 353 S.E.2d 770, 773 (1987). To establish appellant's guilt of first degree murder, the Commonwealth was required to prove that the killing was intentional, premeditated and deliberate. "[A]lthough motive is not a necessary element of the crime of first degree murder, `it is relevant and often most persuasive upon the question of the actor's intent.'" Archie v. Commonwealth, 14 Va. App. 684, 690, 420 S.E.2d 718, 722 (1992) (quoting Epperly v. Commonwealth, 224 Va. 214, 232, 294 S.E.2d 882, 892-93 (1982)).

Maryland's testimony showed that Patty and appellant had an intimate relationship five months prior to the killing and just three and one-half months prior to her involvement with Garrett. In light of the evidence of appellant's attempts to end Patty's affair with Garrett, Maryland's testimony tended to establish that appellant followed Patty and killed her out of jealousy or retribution. The testimony was thus relevant to the issue of whether the killing was intentional and premeditated.

Although relevant, evidence may be excluded if its prejudicial effect is greater than its probative value.  It is the responsibility of the trial court to make the determination, based on the court's sound discretion, and the ruling will not be disturbed on appeal absent a clear abuse of discretion.  Wise v. Commonwealth, 6 Va. App. 178, 188, 367 S.E.2d 197, 203 (1988).

At trial, appellant himself testified that he had had an affair with Patty.  Therefore, any prejudice that may have resulted from Maryland's testimony was outweighed by its probative value.  The trial court did not abuse its discretion in admitting Maryland's testimony.

## II.

The trial court declined to permit defendant to use an uncertified transcript to cross-examine Garrett about whether or not the killer wore gloves on the night of the murder.  The transcript was based on a tape-recording of Garrett's preliminary hearing testimony.

It is unclear from the record whether defendant intended to use the transcript to refresh Garrett's recollection or to impeach him.  However, based on his assumption that its use was for the latter purpose, the trial judge correctly stated that a transcript of a prior proceeding, introduced into evidence for purposes of impeachment by prior inconsistent statement, must be proven accurate by its proponent.  See Hall v. Commonwealth, 233 Va. 369, 374, 355 S.E.2d 591, 594 (1987); Edwards v.

5

Commonwealth, 19 Va. App. 568, 571, 454 S.E.2d 1, 2 (1995) (quoting 1 Charles E. Friend, The Law of Evidence in Virginia § 4-3(a), at 119 (4th ed. 1993)).  Defendant's acquiescence in the trial judge's statement of the law precludes reversal on the ground that an uncertified transcript could be used for the purpose of refreshing recollection.  Rule 5A:18.

The court's ruling also prevented defendant's use of the audiotape to authenticate the transcript of the prior testimony, and the use of the audiotape itself for impeachment.  Assuming the ruling was error, it was harmless because it plainly appears from the facts and circumstances of the case that the error did not affect the verdict.  See Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991).  On three other occasions during his testimony, Garrett testified that he did not recall his earlier testimony about whether the killer wore gloves on the night of the murder.  Garrett also admitted inconsistencies existed between his present and former testimony at the preliminary hearing.  That the jury was not exposed to yet another inconsistency on a collateral issue had no significant effect upon Garrett's impact as a witness.  Williams v. Commonwealth, 4 Va. App. 53, 78, 354 S.E.2d 79, 93 (1987).  Thus, any error the trial judge may have committed was harmless.

### III.

Appellant proffered Lawrence Riley's testimony that he overheard an unknown man threaten to kill Patty a few days before

her death. The man was not appellant, and Riley could not identify him. The trial court ruled the statement was hearsay and not admissible.

On appeal, appellant argues that, although hearsay, the statement falls under the "state-of-mind" exception to the hearsay rule.

> The "state-of-mind" exception is one of . . . [the] recognized exceptions. If the declarant's state of mind is relevant to the case, then admissions of the declarant's mental state are admissible, providing they "refer to a presently existing state of mind" and there is "no obvious indication of falsification or contrivance."

Evans-Smith v. Commonwealth, 5 Va. App. 188, 197, 361 S.E.2d 436, 441 (1987) (citation omitted).

Here, the state of mind of the unidentified man was not relevant to any issue in the case. Furthermore, such statements may be admitted into evidence only when there is some "factual support in the record which would tend to substantiate or corroborate them." Id. at 199, 361 S.E.2d at 442. There was no inherent reliability in or corroboration of Riley's hearsay statement. See id. Thus, the trial judge did not err in excluding it.

**IV.**

When the police went to appellant's home after the killing, appellant gave the officers the keys to the vehicles parked outside and permitted the police to search them. Inside a vehicle that appellant identified as his, the police found a box

7

containing .38 and .357 caliber bullets. The certificate of analysis regarding the bullet fragment taken from the victim stated that the bullet was fired from a .38 or a .357 caliber weapon.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). "Evidence which bears upon and is pertinent to matters in issue, and which tends to prove the offense, is relevant and should be admitted." Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986).

When considered in conjunction with the certificate of analysis, the bullets found in appellant's car were relevant to link him to the murder. We find no abuse of discretion in the trial court's decision to admit the bullets and the certificate of analysis.

The judgment of the trial court is affirmed.

Affirmed.

8