COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

RONALD MARSHALL

v.          Record No. 0859-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                     OCTOBER 3, 1995

          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Dennis F. McMurran, Judge

          Brenda Spry, Deputy Public Defender, for
          appellant.

          Monica S. McElyea, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Ronald Marshall (defendant) was convicted by a jury of second

degree murder and use of a firearm in the commission of that

offense.  On appeal, defendant complains that the trial court

erroneously (1) allowed hearsay into evidence, and (2) declined to

admit, for impeachment purposes, signed writings which reflected

the prior inconsistent statements of certain Commonwealth

witnesses.  Defendant also challenges the sufficiency of the

evidence to support the convictions.  For the reasons which follow,

we affirm the convictions.

     The parties are fully conversant with the record in this case,

and we recite only those facts necessary to a disposition of the

appeal.

     Under familiar principles of appellate review, we examine the

evidence in the light most favorable to the Commonwealth, granting

[*]Pursuant to Code § 17-116.010 this opinion is not designated
for publication.

to it all reasonable inferences fairly deducible therefrom. Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). The jury's verdict will not be disturbed unless plainly wrong or without evidence to support it. Id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

At trial, Calvin and Larry Darden, brothers and witnesses for the Commonwealth, identified defendant, Ronald Marshall, as the perpetrator. During cross-examination, both Dardens expressly denied previously naming Leonard Marshall as the murderer. However, Detective T. E. Dail testified that the brothers had accused Leonard Marshall during an interview at police headquarters on the evening of the offenses. Dail further noted that each of these statements had been reduced to writing and signed by the respective brother. In an effort to rehabilitate the witnesses, the Commonwealth questioned Detective Dail, over defendant's hearsay objection, with respect to out-of-court statements by the brothers the following day which identified defendant as the offender, consistent with their trial testimony.

It is well established that a witness may be impeached by proof of previous statements inconsistent with his or her testimony at trial, provided the attention of the witness is properly directed to the prior utterance. Edwards v. Commonwealth, 19 Va. App. 568, 571, 454 S.E.2d 1, 2 (1995) (citations omitted). In such

instances, prior consistent statements of the witness are also "relevant in considering the impeaching effect of the inconsistent statement on the witness's testimony" and, therefore, likewise admissible. Clere v. Commonwealth, 212 Va. 472, 473, 184 S.E.2d 820, 821 (1971). Both the inconsistent and consistent statements are received "without violation of the hearsay rule, since these statements are offered, not for the truth of the content of the statement, but, upon the issue of credibility, to show that the statements were made." Charles E. Friend, The Law of Evidence in Virginia, § 18-3, at 95 (4th ed. 1993). Thus, the prior consistent statements of the impeached witnesses in issue were properly admitted into evidence by the trial court.

It is uncontroverted that defendant first learned during trial, after the Darden brothers had testified, that the inconsistent statements were evidenced by signed writings. Copies were then examined by counsel and the court and, thereafter, both the Commonwealth and defendant questioned Detective Dail, before the jury, with respect to the written statements and the circumstances which attended their preparation and execution. Although the trial court declined to admit the writings into evidence, defendant proffered copies for the record, and a review reveals that the contents, including the signatures, were fully disclosed to the jury through Detective Dail's testimony. "Once the jury has heard the relevant portions of the prior inconsistent statement[s] . . ., whether the written statement itself is

admitted into evidence is 'a distinction without a difference.'"[1] Smith v. Commonwealth, 15 Va. App. 507, 513, 425 S.E.2d 95, 99 (1992) (citation omitted).

Here, the jury was fully aware of the witnesses' inconsistent statements and the signed writings which memorialized such inconsistency. From this evidence, it was clear that the Darden brothers had, contrary to their trial testimony, previously named another man as the offender. Thus, impeachment of the witnesses was accomplished and the related credibility issue properly before the jury. Under such circumstances, the trial court did not abuse its discretion by excluding the actual writings from evidence.

For the first time on appeal, defendant complains that the written statements constituted exculpatory evidence, necessarily subject to disclosure to defendant by the Commonwealth prior to trial. However, because this issue was not properly raised before the trial court, we decline to address it on appeal. Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).

Finally, defendant challenges the sufficiency of the evidence to support the convictions. Our review of the record discloses substantial evidence in support of the jury's verdicts.

For the foregoing reasons, the convictions are affirmed.

Affirmed.

---

[1] Under the circumstances of this record, we expressly decline to address the Commonwealth's argument related to Code § 19.2-268.1.