COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Humphreys and Clements
Argued at Richmond, Virginia


WILLIAM EDWARD CHILTON, SR.

MEMORANDUM OPINION[*] BY
v.    Record No. 0520-00-2          JUDGE JEAN HARRISON CLEMENTS
                                        FEBRUARY 6, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Joseph F. Spinella, Judge Designate

R. Donald Ford, Jr., for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Appellant William Edward Chilton, Sr., was convicted in a

bench trial of statutory burglary in violation of Code § 18.2-91

and of grand larceny in violation of Code § 18.2-95. On appeal he

contends (1) the evidence was not sufficient to sustain the

convictions and (2) the trial court erred in not allowing him to

call a witness to impeach the credibility of a witness for the

Commonwealth. We disagree and affirm the convictions.

As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts necessary to a

disposition of this appeal.

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

A.   SUFFICIENCY OF THE EVIDENCE

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). We may not disturb the conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985). We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the factfinder's determination." Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993).

Chilton contends that the evidence was insufficient to support his convictions because there was no evidence that he actually participated, either as a principal in the first or second degree, in the burglary and larceny admittedly committed by his girlfriend's son, Shawn Ray Morris. Specifically, he claims that there was no evidence adduced at trial that refuted his statement to the police and Morris' testimony that he remained in the front passenger seat of the van while, unbeknownst to him, Morris broke into a room at the motel and single-handedly stole the air conditioning unit. Nor did the Commonwealth produce any evidence, appellant maintains, that

-

rebutted his statement and Morris' testimony that Morris had told him he was going to the motel to see a friend and never told him after the theft that he had stolen the air conditioner and placed it in the back of the van.

The only evidence that connected him to the crime at all, appellant argues, established merely that he was a passenger in the van when it was stopped by the police and that the stolen air conditioning unit was found in the van's rearmost compartment, hidden from his view behind a curtain and the rear seats. He cannot, he suggests, be convicted for the theft of something the Commonwealth failed to prove he even knew existed, much less stole.

We do not find appellant's arguments persuasive for the simple reason that Rama Gara, the manager of the motel who was on duty at the time of the offenses, testified that he rode by the scene of the crime on his bike and, despite being only approximately ten feet away from the van and having a clear view of the front of the van, did not see anyone in the van. He did, though, see that one of the rear doors of the van and the door to the unoccupied motel room to which the van had been backed up were both open.

The trial court, which had the opportunity to hear and observe the witnesses on the stand and weigh the evidence accordingly, could reasonably infer from this evidence, coupled with the evidence that the police followed the van continuously

-

from the motel until it was stopped, that Chilton had

accompanied Morris to the motel and that he was not in the van

at the time of the offenses because he was inside the motel room

with Morris participating in the theft.  We find, therefore,

that the evidence presented in this case sufficiently supports

appellant's convictions and that the convictions are not plainly

wrong.

### B.   EXCLUSION OF IMPEACHMENT WITNESS

Chilton further contends that the trial court erred in not

allowing him to introduce evidence to impeach the motel

manager's credibility.  The Commonwealth argues that, even if

the court erred, the error was harmless.[1]

On cross-examination, Chilton's attorney asked Gara about

his testimony at the preliminary hearing, as follows:

---

[1] The Commonwealth also argues that the court reached the
right result, albeit for the wrong reason, in that the principle
disallowing the impeachment of a witness on collateral matters
applies here.  Because the question, by itself, of whether Gara
did or did not testify at the preliminary hearing about riding a
bicycle by the van is irrelevant to the issues on trial and
because it was raised for the first time on cross-examination,
it is, according to the Commonwealth, a collateral matter.
Thus, Gara cannot, the Commonwealth contends, be asked about
such a matter on cross-examination in order to impeach his
credibility later by calling another witness to contradict him.
See Allen v. Commonwealth, 122 Va. 834, 842, 94 S.E. 783, 785-86
(1918).  We may not, however, regardless of whether we agree
with the Commonwealth's reasoning, use it here to affirm the
trial court's ruling as it was never raised in any manner at
trial.  See Eason v. Eason, 204 Va. 347, 352, 131 S.E.2d 280,
283 (1963) (holding that the "right-result-wrong-reason" rule
does not apply when the correct reason for affirming the trial
court's decision was not brought to the attention of the trial
court).

-

    Q.  Do you recall testifying at the
preliminary hearing back on July the 26th?

    A.  About what?

    Q.  Do you recall that, testifying in
court?

    A.  Yes.

    *     *     *     *     *     *     *

    Q.  And do you recall testifying in
lower court about riding your bicycle by the
van?  Did you make any statement like that
down in lower court, that you recall?

    A.  Yes, I did.

    Q.  You recall testifying to that fact?

    A.  Yes, I did.

    [DEFENSE COUNSEL]:  No further questions.

Chilton then attempted, during his own case-in-chief, to call Morris' attorney to the stand to testify, according to Chilton's proffer, that he was present at the preliminary hearing and that Gara never made a statement at that hearing about riding a bicycle by the van.  Such evidence, Chilton argued at trial, was admissible to impeach Gara's credibility.

The trial court did not allow Morris' attorney to testify, ruling that only a transcript or recording of the preliminary hearing, as opposed to an attending witness' interpretation of what was said in lower court, could be used to impeach Gara's trial testimony.  No recording or transcript of the preliminary hearing had been made.

-

The Commonwealth, citing Edwards v. Commonwealth, 19 Va. App. 568, 571-72, 454 S.E.2d 1, 2-3 (1995), concedes on appeal that, where a transcript is not available, a witness may be called to testify as to what occurred at an earlier hearing.

We therefore find that the court erred in requiring a transcript as the only means of impeaching a witness based on what was said at an earlier hearing. However, assuming, without deciding, that the impeachment evidence excluded by the court was otherwise properly admissible, we find that the trial court's error was harmless.

This was not a typical impeachment-by-prior-statements scenario. Gara stated at trial that he had testified at the preliminary hearing about riding his bike by the van. Chilton's impeachment witness would have stated only that Gara did not say anything about riding his bike by the van at the preliminary hearing.[2] There was no allegation or evidence that the account Gara gave at the preliminary hearing of the events he witnessed relative to the instant charges conflicted in any way with the account he gave at trial of those events. Rather, it was alleged only that his account at trial included more information

---

[2] While Chilton suggests in his brief on appeal that his impeachment witness would have testified to "inconsistencies," plural, in "Gara's trial testimony," Chilton's examination of that witness would have been limited to the single issue for which a foundation had been arguably laid for impeachment, that is, whether Gara testified at the preliminary hearing about riding his bike by the van.

-

than his account at the preliminary hearing and that he gave false testimony when asked on cross-examination if he had mentioned that information at the preliminary hearing.

While the evidence proffered by Chilton may have been probative of Gara's ability to recall the precise extent of the questions he was asked and the responses he gave at the preliminary hearing, it was not probative of his ability to perceive, remember, and narrate the details of the crime about which he had been called to testify at trial.

Thus, we find that the impeachment value of the excluded evidence, if it had any at all, was so slight and insignificant that, had the evidence been admitted, it would not have undermined Gara's credibility or affected the merits. Accordingly, the error was harmless. See, e.g., Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc).

Hence, we affirm the convictions for the reasons stated.

Affirmed.