Richmond

CHRISTOPHER W. GILLULY

v.

COMMONWEALTH OF VIRGINIA

June 6, 1980.

Record No. 790871.

Present: All the Justices.

*Allen H. Sachsel (Stephen A. Armstrong; G. James Frick; Armstrong & Frick,* on briefs), for appellant.

*Vera S. Warthen, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

CARRICO, J., delivered the opinion of the Court.

The defendant, Christopher W. Gilluly, was indicted for rape, sodomy, abduction, and assault and battery. Prior to trial, he moved to suppress certain evidence seized from his apartment pursuant to a search warrant issued by a special magistrate. The defendant contended that the seizure was illegal because the warrant failed to state the offense in relation to which the search was to be conducted. After argument, the trial court granted the defendant's motion and ordered the disputed evidence suppressed. Upon the Commonwealth's motion for reconsideration, however, the court reversed itself and denied the defendant's motion to suppress.

In a subsequent jury trial at which the items seized under the search warrant were introduced into evidence, the defendant was convicted of abduction and assault and battery, but was acquitted of the other charges. Upon each conviction, the jury fixed the defendant's punishment at six months in jail and a fine of $1,000. The trial court imposed the punishment fixed by the jury, but suspended both the jail sentence and the fine on the assault and battery conviction.

The record shows that on the evening of July 7, 1978, on their second date, the defendant, a naval officer, and the victim attended a formal military dinner and afterward visited in the home of the defendant's commanding officer until approximately 2:30 a.m. Upon the defendant's invitation, the victim accompanied him to his apartment "to learn disco." After dancing approximately 45 minutes, she

asked to be taken home. He refused and, according to the victim, he took her to the bedroom and there raped and sodomized her. During the course of the attack, he beat her with a riding crop and a "fraternity" paddle.

Clad only in a bathrobe, the victim managed to escape from the apartment when the defendant entered the bathroom. Later in the day, she reported the attack to the police. The next day, July 9, Investigator Ann Melchior of the Alexandria Police Department appeared before a special magistrate and made an affidavit for a warrant to search the defendant's apartment. The affidavit stated that the "offense in relation to which the search is to be made is Rape." The magistrate issued the warrant, but he left blank the space provided in the search warrant form for insertion of the name of the offense in relation to which the search was to be conducted.

Investigator Melchior and other officers executed the search warrant and seized from the defendant's apartment the various items which were later introduced into evidence at the defendant's trial. The items seized included a riding crop and a "fraternity" paddle.

On appeal, the sole question for decision is whether the items seized pursuant to the search warrant were inadmissible into evidence because of the failure of the warrant to state the offense in relation to which the search was to be conducted. The items were inadmissible, the defendant contends, because, without a recital of the offense, the warrant became a general warrant forbidden by both the Fourth Amendment to the Constitution of the United States[1] and Article I, Section 10 of the Constitution of Virginia[2]. Furthermore, the defendant asserts, Code § 19.2-56 requires that every search warrant shall "recite the offense in relation to which the search is to be made" and Rule 3A:27(c) contains an identical requirement.

On the other hand, the Attorney General contends that the disputed items were admissible into evidence. The Attorney General argues first that the affidavit made by Investigator Melchior recited rape as the offense in relation to which the search was to be conducted and because, under Code § 19.2-56, the affidavit becomes a

---

[1] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

[2] "That general warrants, whereby an officer or messenger may be commanded to search suspected places without evidence of a fact committed, or to seize any person or persons not named, or whose offense is not particularly described and supported by evidence, are grievous and oppressive, and ought not to be granted."

part of the warrant when the two are attached, the recital of the offense in the affidavit sufficed to supply the deficiency in the warrant. The ready answer to this argument, however, is that, although the affidavit and the search warrant are stapled together as they appear in the record on appeal, the evidence below established conclusively that the two documents were not attached until *after* the search warrant had been executed and the disputed items seized.

■ The Attorney General argues next that even if the search warrant failed to meet all the requirements of Virginia law, it does not follow that the evidence seized thereunder was inadmissible. The exclusionary rule made applicable to the states by *Mapp* v. *Ohio,* 367 U.S. 643 (1961), the Attorney General asserts, eliminates only evidence obtained in violation of the federal Constitution. The Fourth Amendment, the Attorney General continues, admittedly is intended to curb the use of general warrants. But the warrants thus proscribed, the Attorney General maintains, are limited to those that do not describe the place to be searched or the things to be seized. The failure of a search warrant to recite the offense in relation to which the search is to be conducted, the Attorney General concludes, does not render the warrant a general one within the meaning of the Fourth Amendment or require suppression of the evidence seized thereunder.

We disagree with the Attorney General. In our opinion, the Fourth Amendment does require that a search warrant recite the offense in relation to which the search is to be conducted. We believe this requirement is made clear by the decision in *Berger* v. *New York,* 388 U.S. 41 (1967). Treating the case as a search and seizure matter, the Supreme Court struck down as violative of the Fourth Amendment a New York statute which permitted a court to authorize by ex parte order the installation of an eavesdropping device. In the course of its opinion, the Court stated:

"The Fourth Amendment commands that a warrant issue not only upon probable cause supported by oath or affirmation, but also 'particularly describing the place to be searched, and the persons or things to be seized.' New York's statute lacks this particularization. It merely says that a warrant may issue on reasonable ground to believe that evidence of crime may be obtained by the eavesdrop. *It lays down no requirement for particularity in the warrant as to what specific crime has been or is being committed,* nor 'the place to be searched,' or 'the per-

sons or things to be seized' as specifically required by the Fourth Amendment." 388 U.S. at 55-56 (emphasis added).

■ Finally, the Attorney General argues that the introduction into evidence of the disputed items, if error, was harmless beyond a reasonable doubt. The testimony of the victim, the Attorney General says, clearly was sufficient to sustain the defendant's convictions without the introduction into evidence of any of the items seized under the search warrant.

We cannot say, however, that introduction of the disputed items was harmless beyond a reasonable doubt. To prove the harmful effect of the alleged error, we cite only two of the items in question, the riding crop and the "fraternity" paddle. The display to the jury of these two items, coupled with the evidence that they were found in the defendant's apartment soon after the alleged attack, may well have served not only to corroborate the victim's testimony that she was beaten with these instruments but also to tip the scales in favor of a conviction of assault and battery for that beating.

We agree with the defendant that the search warrant was fatally defective for its failure to state the offense in relation to which the search was to be conducted and that the items seized thereunder were erroneously introduced into evidence. Accordingly, we will reverse the convictions appealed from and remand the case for a new trial at which the seized items shall be excluded from evidence.

*Reversed and remanded.*