## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Jeanette M. Colley

### January 2, 1987

### Case No. (Criminal) 49629

By JUDGE THOMAS A. FORTKORT

It is my opinion that the search of Mrs. Colley's purse which yielded the contraband substance was in violation of her rights under the Fourth Amendment and under Article I, Section 10, of the Virginia Constitution.

The petitioner relies on the body of law which under the Fourth Amendment of the Federal Constitution forbids the search of the contents of purses and other bags which have been brought to the premises by a visitor. The evidence in the motion identifies Mrs. Colley as a visitor to the premises; she is not listed among the persons in the affidavit to the search warrant who are identified as associated with the property; nor did she do any specific act, except request to leave the premises, which would have associated her with the criminal activity therein.

The Commonwealth relies on the request in page six of the affidavit in support of a search warrant, in which the affiant requests permission to open and search "locked safes, boxes, bags, compartments or things in the nature thereof, found upon said premises." The search warrant itself only allows search for "Phencyclidine (PCP), records and documents, paraphernalia used in the sale of phencyclidine (PCP)." Mrs. Colley's purse had been left in a nearby bedroom.

Sometime after the initial entry by the police into the apartment, Mrs. Colley asked if she could leave. The

officer advised her she was free to go but her purse would have to be searched prior to her departure from the premises. The Commonwealth makes no assertion that the search was done by permission or by any other theory except that it was within the scope of the search warrant.

In the Virginia case of *Gilluly v. Commonwealth*, 221 Va. 38 (1980), the Supreme Court of Virginia excluded items seized during a search pursuant to a search warrant because the warrant did not state the crime which was being investigated. The Attorney General argued that the affidavit contained the identification of the crime being investigated and that the search warrant and the affidavit read together supplied the crucial nexus for a valid search. The Supreme Court rejected this argument on the basis that the affidavit was never served upon the defendant.

in our case there is no evidence either that the search warrant and affidavit were attached to one another and served upon the defendant or that it was not served in that manner. Nevertheless, *Gilluly* does stand for the proposition that a valid search warrant must strictly meet statutory requirements.

In our case, we conclude that the language in the affidavit cannot support the search in this case. Setting aside for the moment whether or not a search warrant permitting search of "locked safes, boxes and bags" would be permitted under Constitutional standards, we find that a search must be conducted within the confines of the search warrant without recourse to the affidavit. The affidavit provides the probably cause for the search. The warrant provides the permission to search and seize property. As with any court hearing, a review of the order indicates the ruling of the court, not a review of the evidence. This Court has no way of knowing whether or not the independent magistrate deemed the police department's request to be too intrusive and too broad and thus provided a more limited grant than requested or whether his grant was narrowly made through oversight. We have no other evidence to measure the search warrant other than the words used. The search permitted by the warrant in this case does not authorize the search of the purse of a visitor to the property. Having relied upon the search warrant, the Commonwealth is bound by

that theory of evidence which, for the reasons above, must fail.

The defendant also asserts that even if the search of the purse was authorized by the magistrate it would be unreasonable under the Fourth Amendment of the Federal Constitution. The Court finding the search defective under state law, will not decide the Federal Constitutional issue except to say that several cases support the proposition that the purse of a visitor to a premises being searched under a valid search warrant is immune to search unless there is some connection between the visitor and the criminal activity being investigated.

Defendant's motion to suppress the items seized by the Commonwealth in the case against Jeannette M. Colley is granted.