COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Coleman and
          Senior Judge Duff
Argued at Alexandria, Virginia


ALLEN LEBEDUN, S/K/A
 ALLEN A. LEBEDUN
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0233-97-4      JUDGE SAM W. COLEMAN III
                                         JULY 7, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Leslie M. Alden, Judge

          Crystal A. Meleen, Senior Assistant Public
          Defender (Office of the Public Defender, on
          brief), for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.


     Allen A. Lebedun was convicted by a jury for abduction,

robbery, and use of a firearm in the commission of robbery.  On

appeal, Lebedun contends the convictions should be reversed

because:  (1) the search warrant was not supported by probable

cause and failed to recite the offense for which the search was

being conducted; (2) the general district court erred in refusing

to grant a continuance to obtain a court reporter at the

preliminary hearing; (3) the trial court erred by admitting into

evidence items seized from the home of an alleged accomplice; (4)

the trial court erred when it allowed a witness to examine pills

seized from Lebedun's apartment and to testify whether they were

---
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the same type as those taken by the robbers; (5) the Commonwealth failed to comply with the statutory notice and copy requirements for introducing prior convictions evidence at sentencing; and (6) the evidence is insufficient to identify him as one of the perpetrators of the robbery. For the reasons that follow, we affirm the convictions.

## I. BACKGROUND

Two white males wearing masks entered the Annandale Doctors' Pharmacy. The shorter man, who was wearing a rubber Halloween mask, pointed a gun at the pharmacy clerk, Shirley Nelson. The taller of the two men wore latex gloves and a blue knit cap covering his head and most of his face. He pointed a silver pistol at Marlene Book, the pharmacist and store owner, and demanded narcotics. Book gathered various narcotics, including amounts of Percocet, Roxicet, and Zanax, and gave them to the robbers. When the taller assailant demanded money from the cash register, Book gave him forty-six dollars. The assailants then forced Book, Nelson, and a customer into a storage room and fled.

Fairfax County Police Detective J.E. Agnew executed a search warrant for Worth Myers' apartment where he found a blue ski mask and a Halloween mask. Fairfax County Police Detective Jack Kirk executed a warrant to search Lebedun's bedroom at Myers' sister's apartment where Lebedun resided. Kirk found bags of prescription drugs, a silver pistol, ammunition, and latex gloves in the bedroom.

At trial, Book and Nelson testified that the masks found at Myers' apartment were "very similar" to the masks worn by the two perpetrators during the robbery and that latex gloves and the firearm found in Lebedun's bedroom were very similar to those used by the taller assailant who wore the blue ski mask. Book also testified that some of the pills seized from Lebedun's bedroom were the same make and dosage as the drugs she was forced to give to the robbers.

Robert Russell, an acquaintance of Lebedun, testified that during the three months preceding the robbery, Lebedun asked him to obtain a handgun for him because he was "going to do a job on" a pharmacy. Lebedun explained to Russell that he and Myers planned to "hold up [a] pharmacy."

Lebedun was indicted on charges of robbing and abducting Book, and use of a firearm in the commission of a robbery. A jury convicted Lebedun on all charges.

## II. THE SEARCH WARRANT

### A. Probable Cause

The Fourth Amendment provides that a search warrant shall issue only upon a showing of probable cause supported by oath or affirmation. See Gwynn v. Commonwealth, 16 Va. App. 972, 974, 434 S.E.2d 901, 903 (1993). Whether probable cause exists to support the issuance of a warrant is to be determined from the "totality of the circumstances" that are presented to the magistrate. Illinois v. Gates, 462 U.S. 213, 238 (1983).
The task of the issuing magistrate is simply

to make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and the basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."  And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . concluding" that probable cause existed.

> \*     \*     \*     \*     \*     \*     \*

[A]n after-the-fact review of a magistrate's decision should not be made <u>de novo</u>[,] . . . great deference should be given to the magistrate's finding of probable cause.

<u>Derr v. Commonwealth</u>, 242 Va. 413, 421, 410 S.E.2d 662, 666 (1991) (quoting <u>Gates</u>, 462 U.S. at 238).

In the present case, Detective Agnew's affidavit in support of his request for a warrant to search Lebedun's home stated that a fatal drug overdose had occurred at Myers' apartment, that an informant had purchased prescription drugs from Myers, and that Myers had told the informant how he and Lebedun while wearing masks had committed a series of armed robberies of pharmacies in Maryland and Virginia.  The affidavit further stated that the informant had on other occasions provided the police with information regarding controlled drug purchases and had been found to be reliable.  The affidavit also said that a victim of one robbery had observed Myers removing his mask as he left the scene of the robbery and could identify Myers as one of the robbers.  The affidavit further stated that "Myers gave statements [after his arrest] as to his involvement in the armed

- 4 -

robberies of several pharmacies in Maryland and Virginia, against his penal interest.  In his statement [Myers] implicated one Allen Lebedun as the second subject in the robberies."  Accordingly, the magistrate issued a warrant to search Lebedun's apartment.

Lebedun contends the magistrate lacked probable cause to issue the search warrant because the magistrate's decision was based solely upon the unreliable assertions of Worth Myers. Lebedun reasons that Myers' assertions were unreliable because he admitted to using and distributing drugs.  We find no merit in the argument.  The reliability of an informant's hearsay statements in an affidavit "may be established by showing that . . . the informer has made a declaration against his penal interest."  Polston v. Commonwealth, 24 Va. App. 738, 745, 485 S.E.2d 632, 634 (1997).  Myers' admission that he and Lebedun committed the robberies was a statement against his penal interest and, as such, constituted reliable information upon which the magistrate could find probable cause to issue a search warrant.  Based on the totality of circumstances presented in the affidavit, the magistrate had a "substantial basis for concluding" that Lebedun committed the robberies with Myers and that evidence relating to the robberies could be found at Lebedun's home.  Accordingly, the search warrant was supported by probable cause.

B.  Recitation of Offense Pertaining to Search Warrant

Both the Fourth Amendment and Code § 19.2-56 require that a search warrant "recite the offense in relation to which the search is to be made." Code § 19.2-56; Gilluly v. Commonwealth, 221 Va. 38, 41, 267 S.E.2d 105, 106-07 (1980). The failure of a warrant to state the related offense renders the warrant "fatally defective," and the evidence seized in the execution of the warrant inadmissible. Id.

Code § 19.2-56 further provides: "The judge, magistrate, or other official authorized to issue criminal warrants shall attach a copy of the affidavit required by [Code] § 19.2-54, which shall become part of the search warrant and served therewith." (Emphasis added). Because the affidavit "become[s] part of the search warrant," a search warrant sufficiently "recites the offense" if it is attached to the affidavit which specifies the offense to which the warrant pertains. However, a search warrant does not recite the offense and is "fatally defective," where "the evidence below establishe[s] conclusively that [the deficient warrant and affidavit that did recite the offense] were not attached until after the search warrant had been executed and the disputed items seized." Gilluly, 221 Va. at 41, 267 S.E.2d at 107 (first emphasis added).

Relying on Gilluly, Lebedun contends the evidence fails to show that the deficient warrant and affidavit were attached or that they were attached when the search occurred. It is undisputed that the warrant failed to recite the offense and that

- 6 -

the affidavit expressly stated that the search pertained to charges of robbery and abduction.

Lebedun had the burden of proving that the search warrant was invalid.  See Lebedun v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (1998); see also 4 Wayne R. LaFave, Search and Seizure § 11.2(b) at 218 (2d ed. 1987).  Lebedun failed to meet this burden.  Lebedun offered no evidence to establish that the warrant and the affidavit were not attached at the time of the search.[1]  When Detective Kirk testified on direct examination that the search warrant and affidavit were attached when he "left the apartment," Lebedun's counsel declined to ask him on cross-examination whether they were attached at the time the warrant was executed.  Accordingly, the trial court did not err in denying Lebedun's motion to suppress.

### III.  GENERAL DISTRICT COURT'S DENIAL OF MOTION FOR A CONTINUANCE

The circuit court granted Lebedun's in forma pauperis motion to provide a court reporter to record and transcribe the testimony at the preliminary hearing.  However, the court reporter did not appear at the preliminary hearing.  After advising the general district court judge that a court reporter had been authorized to transcribe the hearing but was not

---

[1]We construe Gilluly to require that in order for the affidavit to cure the search warrant's failure to recite the offense, the affidavit and the warrant must be attached when the warrant is executed.  The purpose for requiring that the warrant recite the offense is to notify the owner or occupant of the premises to be searched of the offense being investigated.

present, Lebedun asked the court to continue the preliminary hearing. Apparently, no effort was made to obtain the services of another court reporter. The Commonwealth objected to a continuance noting that seven witnesses were present and prepared to testify. The general district court denied the motion for continuance. Lebedun's counsel tape recorded the preliminary hearing, but, according to Lebedun, several portions of the witnesses' testimony were inaudible or incomplete. On appeal, Lebedun asks us to dismiss the indictment and to remand the case to the general district court for a preliminary hearing with a court reporter.

"The decision whether to grant a continuance is a matter within the sound discretion of the trial court." Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 509 (1990). The Virginia Supreme Court has established a two-pronged test for determining whether a trial court's denial of a continuance request is reversible error. Under this test, we may reverse a trial court's denial of a motion for a continuance only if it appears from the record: (1) that the court abused its discretion and (2) that the movant was prejudiced by the court's decision. See Cardwell v. Commonwealth, 248 Va. 501, 509, 450 S.E.2d 146, 151 (1994).

The function of a preliminary hearing is to determine before a judicial officer whether probable cause exists to believe that an accused may have committed a criminal offense and whether

reason exists for a grand jury to investigate the charges. <u>See</u> <u>Webb v. Commonwealth</u>, 204 Va. 24, 31, 129 S.E.2d 22, 38 (1963). A preliminary hearing is not a vehicle for an accused to conduct discovery. <u>See</u> <u>Williams v. Commonwealth</u>, 208 Va. 724, 729, 160 S.E.2d 781, 784 (1968).

Although a preliminary hearing is not constitutionally mandated, an accused who has been arrested on a felony warrant is statutorily entitled to a preliminary hearing. <u>See</u> Code § 19.2-218. Because a transcript of the testimony at a preliminary hearing may be an effective tool for cross-examining and impeaching witnesses at trial, <u>Harley v. Commonwealth</u>, 25 Va. App. 342, 348-50, 488 S.E.2d 647, 649-50 (1997), the circuit court authorized Lebedun to employ a court reporter. <u>See</u> <u>Roberts v. Lavelle</u>, 389 U.S. 40, 42-43 (1967) (<u>per</u> <u>curiam</u>); Code § 19.2-185. However, the responsibility for employing the court reporter and having the court reporter present rested with the appellant. Lebedun did not have a court reporter present for the scheduled preliminary hearing and offered no justification other than that the court reporter had not appeared. Lebedun could not determine when a court reporter would be available or whether one could be available that day.

Here, the general district court did not abuse its discretion in denying the motion for a continuance. The Commonwealth had committed to provide Lebedun a court reporter. As with a non-indigent defendant, the court must determine

- 9 -

whether a party has shown good cause for not having a court reporter present for a scheduled preliminary hearing.  In deciding whether to continue a case, a court may properly consider the convenience of the witnesses who are prepared to testify at the scheduled proceeding.  See Ex Parte Windham, 634 S.W.2d 718, 720-21 (Tex. Crim. App. 1982); Phifer v. State, 218 N.W.2d 354, 356-58 (Wis. 1974).  The Commonwealth had seven witnesses present to testify at the preliminary hearing, several of whom had been subpoenaed to appear.  Because the appellant could not determine that a court reporter would be available that day, the witnesses would likely have been required to reappear to testify on another date.  The appellant did not give a justifiable reason why he did not have a court reporter present.

Furthermore, Lebedun has not demonstrated that the lack of a transcript of the preliminary hearing denied him the opportunity to assess the strength of the Commonwealth's case or to impeach the witnesses at trial.  Lebedun was allowed to tape record the testimony of the witnesses at the preliminary hearing and could take notes of the proceedings.  See Code § 16.1-69.35:2.  After the circuit court authorized Lebedun to employ a court reporter, the responsibility for employing a reporter and having the reporter present rested with the appellant.  Moreover, Lebedun has not shown that a transcript was essential for him to impeach trial witnesses' testimony at the preliminary hearing.  See Edwards v. Commonwealth, 19 Va. App. 568, 572, 454 S.E.2d 1, 3

(1995).  Although we do not doubt that Lebedun may have been inconvenienced by the lack of a transcript of the preliminary hearing, and we urge the trial courts to make reasonable efforts to accommodate the transcribing of proceedings where a court reporter has been specifically authorized, we find that under the circumstances the general district court's denial of the motion for a continuance was not an abuse of discretion.  Accordingly, we decline to dismiss the indictment and remand the case to the general district court for a preliminary hearing.

## IV.  ADMISSIBILITY OF ITEMS SEIZED FROM MYERS' HOME

The Commonwealth introduced into evidence the blue ski mask and Halloween mask seized from Myers' home.  Lebedun contends the trial court erred in admitting the masks because they were irrelevant and unduly prejudicial to the charges against him.  We disagree.

> Evidence is relevant if it has any logical tendency to prove an issue in a case. Relevant evidence may be excluded only if the prejudicial effect of the evidence outweighs its probative value.  The question whether the prejudicial effect of evidence exceeds its probative value lies within the trial court's discretion.

Goins v. Commonwealth, 251 Va. 442, 461-62, 470 S.E.2d 114, 127 (citation omitted), cert. denied, 117 S. Ct. 222 (1996).

"While a single circumstance, standing alone may appear . . . immaterial or irrelevant, it frequently happens that the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly

to a conclusion." Wynn v. Commonwealth, 5 Va. App. 283, 291, 362 S.E.2d 193, 198 (1987). The Commonwealth sought to prove that Lebedun and Myers robbed the pharmacy while wearing the masks. Book and Nelson testified that two men wearing masks entered and robbed the pharmacy. They further testified that the masks found in Myers' home were "very similar" to those used in the robbery. Book testified that some of the prescription drugs found in Lebedun's bedroom were similar to those taken by the masked robbers. Considered with the Commonwealth's other evidence, the masks tended to establish that Lebedun and Myers wore the masks while robbing the pharmacy and that Myers stored the masks at his residence after the robbery. Furthermore, the prejudicial effect of the evidence did not outweigh its probative value of proving that Lebedun perpetrated the robbery. Accordingly, we cannot say that the trial court abused its discretion in admitting the masks into evidence. See Coe v. Commonwealth, 231 Va. 83, 88, 340 S.E.2d 820, 823 (1986).

## V. ADMISSIBILITY OF PHARMACIST'S TESTIMONY REGARDING DRUGS SEIZED FROM LEBEDUN'S APARTMENT

During its case-in-chief, the Commonwealth showed Book the pills seized from Lebedun's apartment and asked her to describe "what [kind of pills] they appear[ed] to be." Lebedun objected on the ground that the Commonwealth's question called for an opinion and that Book had not been qualified as an expert witness. The court overruled the objection and stated that Book could testify as to "what they look like to her." Book testified

that the drugs seized from Lebedun's apartment appeared to be of the same type, color, and dosage that she handed over to the robbers.

The trial court did not err in admitting Book's testimony concerning the appearance and similarity of the pills. A lay witness may testify that a common object he saw at one place was identical to or different from one he saw at another place. See Jones v. Commonwealth, 228 Va. 427, 442, 323 S.E.2d 554, 562 (1984); Claud v. Commonwealth, 217 Va. 794, 797-98, 232 S.E.2d 790, 792-93 (1977). "Like lay testimony identifying handwriting, such testimony is a statement of fact based upon personal observation and, as such, admissible for whatever weight the fact finer cares to give it." Claud, 217 Va. at 798, 232 S.E.2d at 793. Here, Book was not asked to testify about the pharmacological characteristics of the pills seized from Lebedun's apartment. The appearance of the drugs that she handed over to the robbers was a matter of personal observation, and she could permissibly compare that observation to the appearance of the drugs found in Lebedun's possession and introduced at trial.

## VI. NOTICE OF INTENT TO INTRODUCE PRIOR CONVICTIONS

More than a month before trial, the Commonwealth notified Lebedun's counsel that it intended to introduce at the sentencing phase of trial an August 2, 1977 conviction for robbery in Fairfax County. The related order provided by the Commonwealth indicated that the date of conviction was actually August 27,

1976.  The Commonwealth also gave notice of its intention to introduce evidence of four convictions in Montgomery County, Maryland in January 1977, which included two convictions for robbery and two convictions for use of a firearm in the commission of a felony.  The Maryland records provided by the Commonwealth to Lebedun's counsel indicated that the convictions were reversed and remanded on appeal, Lebedun was retried and convicted on the same charges in 1979.  At the sentencing hearing, the Commonwealth introduced copies of the Fairfax County and Montgomery County convictions as well as a copy of the indictment that formed the basis of the Fairfax County conviction.  The Commonwealth did not provide Lebedun a copy of the indictment prior to the trial.

Code § 19.2-295.1 requires that the Commonwealth provide notice of its intention to introduce evidence of the defendant's prior convictions at the sentencing phase of a bifurcated trial.  This notice must include "the date of each prior conviction." Code § 19.2-295.1.  The statute further provides that "[p]rior to the commencement of the trial, the Commonwealth shall provide to the defendant photocopies of certified copies of the defendant's prior criminal convictions which it intends to introduce at sentencing."  Id.

Lebedun argues that the trial court erred in permitting the Commonwealth to introduce the prior convictions at sentencing because the Commonwealth erroneously stated the dates of the

respective convictions in its notice to defense counsel.  Thus, he contends, the Commonwealth failed to strictly comply with the notice provisions of Code § 19.2-295.1, and the case must be remanded for a new sentencing proceeding.  We disagree.

Code § 19.2-295.1 is "procedural in nature" and "does not convey a substantive right."  Riley v. Commonwealth, 21 Va. App. 330, 337-38, 464 S.E.2d 636, 638-39 (1994).  As such, the statute's notice provisions are merely directory, and "precise compliance [was] not . . . essential to the validity of the proceedings. . . ."  Commonwealth v. Rafferty, 241 Va. 319, 324, 402 S.E.2d 17, 20 (1991) (citation omitted).  The purpose of the notice provisions of Code § 19.2-295.1 is to provide defense counsel with the opportunity to investigate the validity of the convictions that the Commonwealth intends to introduce at sentencing.  Here, although the Commonwealth's notices incorrectly stated the dates of the actual convictions, the Fairfax County conviction order and the Maryland documentation delivered to Lebedun sufficiently apprised him of the correct conviction dates.  Furthermore, while the indictment was admissible as a part of the "record of conviction" of the Fairfax County offense, see Brooks v. Commonwealth, 24 Va. App. 523, 532, 484 S.E.2d 127, 131 (1997), the Commonwealth was not required to produce a copy of the indictment prior to trial.  See Code § 19.2-295.1 (requiring prior notice of intention to introduce "conviction" during sentencing phase).  The Commonwealth's

failure to strictly comply with the procedural requirements of Code § 19.2-295.1 violated no substantive right and did not prejudice Lebedun's ability to contest the validity of the convictions. Therefore, the trial court did not err in admitting proof of the prior convictions.

### VII. SUFFICIENCY OF THE EVIDENCE - ROBBERY

Upon familiar principles of appellate review, we will not disturb the jury's verdict unless it is plainly wrong or without evidence to support it. Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). When the sufficiency of the evidence is challenged on appeal, we must determine whether the evidence, viewed in the light favorable to the Commonwealth, and the reasonable inferences fairly deducible from the evidence support each and every element of the charged offense. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). When the Commonwealth relies upon circumstantial evidence to prove its case, "[a]ll necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Boothe v. Commonwealth, 4 Va. App. 484, 492, 358 S.E.2d 740, 745 (1987) (citation omitted).

Viewed appropriately, the evidence is sufficient to prove that Lebedun committed the robbery and abduction at the Annandale pharmacy. Lebedun told Russell that he and Myers were "going to do a job on" a pharmacy. Based upon the testimony of the victims

and the physical evidence recovered by police, the jury could have reasonably concluded that Myers possessed the masks worn during the robbery and that Lebedun possessed the silver pistol and latex gloves used in the offense. Furthermore, the fact that police found drugs in Lebedun's possession identical to those taken from the pharmacy warranted the inference that Lebedun possessed drugs stolen from the pharmacy. "The unexplained possession of recently stolen goods permits the fact finder to infer that the possessor is the thief." Archer v. Commonwealth, 26 Va. App. 1, 13, 492 S.E.2d 826, 832 (1997). Considering the totality of the facts and circumstances, the jury could have reasonably concluded that Lebedun and Myers committed the robbery using the masks, latex gloves, and silver pistol found in their respective homes to procure some of the prescription drugs found in Lebedun's possession. The jury was entitled to believe that Lebedun carried out the plan that he described to Russell to "hold up" the pharmacy with Myers. Accordingly, we find the circumstantial evidence sufficient to identify Lebedun as a perpetrator of the robbery.

For these reasons, we affirm the convictions.

Affirmed.