# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Gregory Dudley

March 24, 2009

Case No. (Criminal) CR08-4032

BY JUDGE EVERETT A. MARTIN, JR.

A grand jury indicted Gregory Dudley, a former Norfolk police officer, for suborning perjury and making a false report to a law enforcement officer. The Commonwealth alleges that, on October 12, 2008, Dudley, while a police officer, accosted Rodney Wright, searched him without probable cause, and found narcotics on him. The Commonwealth further claims Dudley falsely reported that Wright had thrown the drugs to the ground and that he attempted to persuade another police officer to so falsely testify because he believed the evidence would otherwise be suppressed.

Dudley retained Mr. Reed, who, by coincidence, had represented Wright in 2001 and 2002 on charges of eluding the police, hit and run, assault of a law enforcement officer, possession of a firearm by a convicted felon, and two traffic misdemeanors. The charges were disposed of by a plea agreement, under which Wright pleaded guilty to eluding the police and hit and run. A *nolle prosequi* was entered on the other charges. Wright later filed a complaint against Mr. Reed with the Virginia State Bar that was dismissed. Dudley was not involved with Wright's earlier arrest and prosecution. Counsel advised me that Dudley would waive any conflict Mr. Reed might have but that Wright would not.

The Commonwealth has filed a motion to disqualify Mr. Reed from representing Dudley in this case under Rule 1:9(c) of the Virginia Rules of Professional Conduct, which provides:

> c. A lawyer who has formerly represented a client in a matter . . . shall not thereafter:
> (1) use information relating to or gained in the course of the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known; or
> (2) reveal information relating to the representation except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client.

Neither counsel claims Rules 1.6 or 3.3 would apply, so I shall not consider them. Counsel agree the Wright and Dudley prosecutions are not "substantially related" for purposes of Rule 1.9(a) and (b).

Mr. Reed stated that he has reviewed his file on Wright's criminal charges and it contains no information he could use to impeach Wright. Mr. Reed has always been candid with the judges of this Court, and I do not question his judgment or integrity. He may, of course, cross-examine Wright at trial about the number and nature of his felony convictions, *Hummel v. Commonwealth*, 217 Va. 548, 231 S. E. 2d 216 (1977), but these are matters of public record and the Commonwealth would probably be obligated to disclose them to Mr. Reed under *Brady v. Maryland*, 373 U.S. 83 (1963). In any event, I would expect an able prosecutor like Mrs. Cross to bring out these convictions on her direct examination of Wright and steal Mr. Reed's thunder on the subject.

The details of the crimes for which Wright was convicted would not, of course, be admissible. *Hummel, supra.* Thus, Mr. Reed would not be able to cross-examine Wright about the circumstances of the crimes for which he previously represented him. Wright's complaint against Mr. Reed to the Virginia State Bar would be completely immaterial to Dudley's prosecution.

The Commonwealth principally relies on two cases. *Mickens v. Taylor*, 240 F.3d 348 (4th Cir. 2001), was a *habeas corpus* proceeding. Contrary to what the Commonwealth contends, the Court never found the attorney had a conflict of interest. It concluded that the prisoner had not shown an adverse effect from his attorney's "potential" or "claimed" conflict of interest. 240 F.3d at 362.

In *Johnson v. Commonwealth*, 50 Va. App. 600, 652 S.E.2d 156 (2007), a closer case, the same attorney was retained by Johnson to represent him on a charge of malicious wounding and by Coleman to represent him on narcotics charges. Coleman, however, was a witness for the Commonwealth in the malicious wounding case against Johnson. Unlike here, in *Johnson*, the charges were pending at the same time. The circuit court disqualified the attorney from representing Johnson, and the Court of Appeals upheld the decision.

The Court of Appeals, however, did not adopt a *per se* rule. It held that disqualification must be based on the facts and circumstances of each case. The facts and circumstances of this case show that Mr. Reed's representation of Wright ended seven years ago and there is no relation whatsoever between the prosecutions. Mr. Reed, a highly experienced and very well regarded criminal defense attorney, has reviewed Wright's file and represented to the Court that it contains no impeachable information save what is a matter of public record. Although a criminal jury trial is an unpredictable thing and it is certainly possible that some now unforeseen conflict may arise, I do not believe that possibility justifies depriving Mr. Dudley of the assistance of counsel of his choice under the facts presented.

The Commonwealth also relies on a bankruptcy court case, *Stokes v. Firestone*, 156 Bankr. 181 (E.D. Va. 1993), in which the Court stated that, in a close case, all doubts should be resolved in favor of disqualification. First, I do not believe this is a close case. Second, that was a civil case. Such concern may be appropriate in civil cases or even in criminal cases with appointed counsel. However, when a criminal defendant has retained counsel and a wrongful disqualification will result in a reversal of a conviction, *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), a more measured approach ought to be used.